**Freddie Lou BRITT, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 87–207.

Supreme Court of Wyoming.

April 7, 1988.

Wyoming Public Defender Program; Leonard D. Munker, State Public Defender, Cheyenne, Wyoming Defender Aid Program, Gerald M. Gallivan, Director, Christopher S. Leigh, Student Intern, Laramie, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne, Asst. Atty. Gen., Cheyenne, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

Appellant Freddie Lou Britt challenges his conviction and sentence for two counts of immodest, immoral and indecent liberties with a minor, in violation of § 14–3–105, W.S.1977 (July 1986 Replacement). Appellant was sentenced to two terms of five to ten years to be served concurrently with credit for presentence incarceration to be taken off both the minimum and maximum sentences.

Appellant frames the issues on appeal as:

## I

"Whether Wyo.Stat. Section 14–3–105 (1977), Immodest, Immoral, and Indecent Liberties with a minor is vague and therefore unconstitutional.

## II

"Whether the trial court committed reversible error in failing to give jury instructions requiring that both specific intent and general intent are separate elements that must be proved by the state, when a person is charged with Wyo.Stat. Section 14–3–105 (1977)."

We affirm.

On August 25, 1986, appellant, a forty-two-year old male, was arrested and charged with two counts of taking immodest, immoral and indecent liberties with a minor. The counts related to two different teenage minors. Count I of an amended information alleged that appellant did " * * * [O]n or between the 29th day of June, 1986, and the 6th day of July, 1986, unlawfully take immodest, immoral, and indecent liberties with a minor, to-wit: an unnamed male child, age 13, to-wit: sometime between the dates referred to above at the location commonly known as the old Lyman town dump, the defendant was in the company of a male who is approximately thirteen (13) years of age; the defendant grabbed and rubbed the crotch area of the thirteen (13) year old and then asked the thirteen (13) year old to pull down his pants and expose his penis * * *." Count II of the information alleged that appellant did "[O]n or between the 29th day of June, 1986, and the 6th day of July, 1986, unlawfully take immodest, immoral, and indecent liberties with a minor, to-wit: an unnamed male who is aged fourteen (14), to wit: the defendant while in the company of a fourteen (14) year old male, in the vicinity of the Black's Fork River where it crosses Interstate 80 near Lyman, Wyoming, grabbed the fourteen (14) year old's crotch and began to stroke it * * *."

Evidence elicited at trial substantiated the allegations contained in the information and included the following facts. From June 29, 1986, to July 6, 1986, appellant, a Michigan resident, was visiting friends in Lyman, Wyoming. During this visit, the friends gave appellant free access to their van, which appellant used to take various neighborhood children on fishing and shooting expeditions. During one such expedition, appellant let RK, the thirteen-year old, drive the van while sitting on the lap of appellant. RK testified that while driving, appellant said to him: "If you don't stop hitting the brakes, my dick will go straight up your ass." RK further testified that appellant rubbed RK's penis for a few seconds on the outside of his jeans until RK pulled appellant's hand off because he did not like it. RK testified that he thought appellant was just "joking around," but stated that appellant placed his hand on RK's lap intentionally. Appellant told RK not to say anything to anyone about what they did that day, and also told RK that he loved him. Appellant then asked RK to show him his penis because he wanted to compare its size with that of another boy. RK did not comply.

SB, the fourteen-year old, also testified against appellant. SB stated that while he was fishing with appellant he was uncomfortable because appellant hugged him and said that he loved him. He testified that while he was driving to the old junk yard, sitting between appellant's legs, appellant grabbed him between the crotch area on the outside of his pants and told him that he had "big balls." SB stated that the grabbing was not done by accident. Appellant also asked SB to show him his penis, and not to tell anyone what had happened. SB testified that appellant would rub the "[O]utside of [SB's] my thigh" at various touch SB's leg "[A] little bit above the knee-caps, * * *" but that he didn't see appellant do any of the other alleged activities.

Appellant was found guilty on both counts, and ordered to undergo psychiatric examination at the Wyoming State Hospital before sentencing. Appellant failed to cooperate with the examiners and was sentenced to two terms of five to ten years to be served concurrently with credit off both

the minimum and maximum sentences for time served in presentence incarceration. This appeal followed.

## I

■ Appellant's first contention on appeal is that § 14–3–105, is unconstitutionally vague in that the words "immodest, immoral and indecent," contained within the statute, lack definitive meanings. Section 14–3–105 provides in part:

"Any person knowingly taking immodest, immoral or indecent liberties with any child or knowingly causing or encouraging any child to cause or encourage another child to commit with him any immoral or indecent act is guilty of a felony * * *."

Appellant did not raise this constitutional challenge at the trial level. As such, this challenge must be analyzed in the context of the plain error doctrine. Rule 49(b), Wyoming Rules of Criminal Procedure, provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." To establish plain error,

"'* * * [F]irst, the record must clearly present the incident alleged to be error. Second, appellant must demonstrate that a clear and unequivocal rule of law was violated in a clear and obvious, not merely arguable, way. Last, appellant must prove that he was denied a substantial right resulting in material prejudice against him. *Brown v. State*, Wyo., 736 P.2d 1110, 1115 (1987). * * *" *In the Interest of CB*, Wyo., 749 P.2d 267, 268–269 (1988).

See also *Stone v. State*, Wyo., 745 P.2d 1344, 1349 (1987). With this in mind, we address appellant's vagueness challenge.

The constitutional standard for vagueness of a criminal statute has been defined by this court. "An ordinance or statute is void for vagueness if it fails to give a person of ordinary sensibility fair notice that the contemplated conduct is forbidden. * * *" *Keser v. State*, Wyo., 706 P.2d 263, 266 (1985), quoted in *Shunn v. State*, Wyo., 742 P.2d 775, 777 (1987). While there is a strong presumption of constitutionality, *Scadden v. State*, Wyo., 732 P.2d 1036, 1039 (1987), "[A] statute is unconstitutionally vague when 'men of common intelligence must necessarily guess at its meaning and differ as to its application.' * * *" *Jenkins v. Werger*, 564 F.Supp. 806 (D.Wyo., 1983), quoted in *Shunn v. State*, supra. "'* * * The underlying principle is that no man shall be held criminally liable for conduct which he could not reasonably understand to be proscribed.'" *Keser v. State*, supra, at 265–266 (quoting *United States v. Harriss*, 347 U.S. 612, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954)).

We have addressed the exact constitutional challenge raised by appellant in a previous case, *Sorenson v. State*, Wyo., 604 P.2d 1031 (1979). Appellant concedes in his brief that "*Sorenson* is virtually indistinguishable * * *" from this case. In *Sorenson*, we found § 14–3–105 to be constitutional in that

"'* * * [A] person of ordinary intelligence can weigh his contemplated conduct against the prohibition of taking immodest, immoral or indecent liberties or assault against a child and know whether or not such contemplated conduct is proscribed by it. * * *" *Sorenson v. State*, supra at 1035.

In other words, a person of ordinary intelligence would know that the rubbing and grabbing of the penises of thirteen and fourteen year-old boys is clearly conduct which is forbidden as "immodest, immoral or indecent liberties." Section 14–3–105.

Despite his concession, appellant asks us to overrule our holding in *Sorenson v. State*, supra, and find the statute unconstitutional. We see no reason to do this. Our holding in *Sorenson* controls on this issue. Section 14–3–105 is not unconstitutionally vague. As such, no violation of a clear and unequivocal rule of law occurred upon which to reverse appellant's conviction.

## II

■ Appellant's second contention is that the trial court committed reversible error in failing to give jury instructions requiring that both specific and general

intent be proved by the state when a person is charged with a violation of § 14-3-105. There is no evidence in the record on appeal that appellant ever objected to the instructions given or offered alternate instructions before the jury began its deliberations. Rule 51, Wyoming Rules of Civil Procedure,[1] states in part:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict stating distinctly the matter to which he objects and the grounds of his objection. * * * *"

Since no objection was made to the instructions given, any error must be considered under the plain error doctrine discussed above in reference to appellant's first issue. *Stone v. State*, supra, at 1353.

In the past we have recognized our authority under the plain error doctrine to set aside an improper verdict which resulted from the issuance of defective instructions to which no objections were lodged. *Goggins v. State*, Wyo., 704 P.2d 1282, 1291 (1985). In *Gore v. State*, Wyo., 627 P.2d 1384, 1388-1389 (1981), we discussed the reasons for adhering to this rule:

"One important reason for invoking the plain-error doctrine when reviewing jury instructions which were not objected to during the trial, is that jury instructions are written with the particular facts and theories of each case in mind. The judge, with the advice and assistance of the attorneys in the case, attempts to tailor the instructions so that they help the jury develop a clear understanding of how the facts are to be determined under the applicable law of the case. The problems the jury may have with the applicable law will differ from case to case and therefore the instructions appropriate to each case may also differ. In many cases, any one of several instructions may be legally correct. It is the duty of the attorneys in each case to determine which legally acceptable instruction best presents the client's case. Neither the

judge, nor the appellate court, has the appropriate perspective to make such a decision. Even if they did understand the case better than the attorney presenting it, their role prohibits them from urging one instruction over another providing both are legally sound. Thus, unless an instruction can be said to have plainly caused a fundamental prejudice to the defendant's legal rights, we will not overturn it on appeal unless it was objected to during the trial and a proper instruction was offered in its place."

It is the duty of the trial court to instruct the jury on the general principles applicable to the case. *Sodergren v. State*, Wyo., 715 P.2d 170, 181 (1986). At the close of the evidence, the trial court gave the following pertinent instructions:

### "INSTRUCTION NO. 6

"Pertinent portions of the Wyoming Statutes provide as follows:

"A Person knowingly taking immodest, immoral, or indecent liberties with any child is guilty of a crime.

### "INSTRUCTION NO. 7

"The necessary elements of the crime of knowingly taking immodest, immoral, or indecent liberties with a minor are:

"with respect to Count 1;
"1. That Freddie Lou Britt did,
"2. on or between the dates of June 29, 1986, and July 6, 1986,
"3. in Uinta County, Wyoming,
"4. knowingly,
"5. take immodest, immoral or indecent liberties,
"6. with a child, namely one [RK].
"with respect to Count II;
"1. That Freddie Lou Britt did,
"2. on or between the dates of June 29, 1986, and July 6, 1986,
"3. in Uinta County, Wyoming,
"4. knowingly,

1. Rule 51, W.R.C.P., is applicable to criminal proceedings. See *Grable v. State*, Wyo., 649 P.2d 663 (1982).

"5. take immodest, immoral or indecent liberties,

"6. with a child, namely [SB].

"If you find from your consideration of all the evidence that any of the elements have not been proved beyond a reasonable doubt then you must find the Defendant not guilty.

"If you find from your consideration of all the evidence that all of the elements have been proved beyond a reasonable doubt then you must find the Defendant guilty.

"INSTRUCTION NO. 8

"'Knowingly' means with knowledge, consciously, intelligently, willfully, intentionally, and not by mistake."

It should first be noted that the instructions given by the court mirror those contained in the Wyoming Pattern Jury Instructions, (Criminal), §§ 10.101, 10.102 (1978), and detail the elements of the crimes charged. In giving the above instructions, the trial court adequately and properly fulfilled its duty to instruct.

In Wyoming, it has long been recognized that sexual assault offenses are general intent crimes.[2] *Seeley v. State*, Wyo., 715 P.2d 232, 239 (1986); *Chavez v. State*, Wyo., 601 P.2d 166, 171 (1977); *Sanchez v. State*, Wyo., 567 P.2d 270, 275 (1977); *Rhodes v. State*, Wyo., 462 P.2d 722 (1969). General intent is defined as: "[T]he intent to do that which the law prohibits. * * *" Black's Law Dictionary, 727 (5th ed. 1979).

In distinguishing between general intent and specific intent, we said in *Dorador v. State*, Wyo., 573 P.2d 839, 843 (1978):

"* * * When the statute sets out the offense with only a description of the particular unlawful act, without reference to intent to do a further act or achieve a future consequence, the trial judge asks the jury whether the defendant intended to do the outlawed act. Such intention is general intent. When the statutory definition of the crime refers to an intent to do some further act or attain some additional consequence, the offense is considered to be a specific intent crime and then that question must be asked of the jury. * * *"

Here, there is no requisite intent other than that evidenced by the doing of the acts constituting the offenses charged, that is: "[K]nowingly taking immodest, immoral or indecent liberties with any child. * * *" § 14-3-105.

As specific intent is not an element of the crimes charged, failure of the trial court to instruct the jury as to specific intent does not result in a violation of a clear and unequivocal rule of law to invite application of the plain error rule's protections.

Finding no plain error as to either of appellant's contentions upon which to reverse his conviction and sentence, we affirm.

___

**2.** Attempted sexual assaults are, however, specific intent crimes. See *Seeley v. State*, Wyo., 715 P.2d 232, 239 (1986).