## In re John C.*
### (7549)

Borden, Spallone and Daly, Js.

Argued December 15, 1989—decision released February 20, 1990

*Ann M. Guillet,* assistant public defender, for the appellant (defendant).

*Bruce A. Tonkonow,* state's advocate, for the appellee (state).

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

SPALLONE, J. The defendant appeals from his adjudication as a delinquent for having committed the offense of risk of injury to a child in violation of General Statutes § 53-21.[1] He claims that, as applied to the facts of this case, § 53-21 is unconstitutionally vague. We find no error.

The evidence produced at trial reasonably supports the following facts. On an evening in May, 1988, the victim's mother was caring for the eight year old victim and the thirteen year old defendant. She discovered the children alone in a bedroom, the defendant standing before the victim with his hands on her head and his erect penis exposed. The defendant was subsequently tried and found guilty of a violation of General Statutes § 53-21.[2] The court determined that there was insufficient evidence to find that the children had engaged in sexual intercourse, but did find that sexual contact had occurred. On the basis of this violation, the defendant was adjudicated a delinquent, and committed to the department of children and youth services. This appeal followed.

The defendant claims that § 53-21 is vague as applied to him and, therefore, that his prosecution under that statute was in derogation of his due process rights under the state and federal constitutions. A claim that a statute is void for vagueness implicates the right to

[1] General Statutes § 53-21 provides: "INJURY OR RISK OF INJURY TO, OR IMPAIRING MORALS OF, CHILDREN. Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

[2] The defendant was originally charged with the crimes of sexual assault in the first and second degrees and risk of injury to a child. The sexual assault charges were dismissed at trial. An adjudication of delinquency based on the crime of sexual assault in the third degree was subsequently dismissed upon the defendant's motion to open the judgment.

have notice that an activity is prohibited by a criminal statute. See, e.g., *State* v. *Schriver,* 207 Conn. 456, 460, 542 A.2d 686 (1988); *State* v. *Perruccio,* 192 Conn. 154, 165, 471 A.2d 632, appeal dismissed, 469 U.S. 801, 105 S. Ct. 55, 83 L. Ed. 2d 6 (1984). The test of unconstitutional vagueness is whether the law as applied to the circumstances of a particular defendant creates doubt about the legality of his particular conduct. *State* v. *Proto,* 203 Conn. 682, 696, 526 A.2d 1297 (1987).

## I

The defendant first claims that he had no notice that the statute applies to the actions of one who is himself a minor. We cannot agree. Section 53-21 provides that "any person" who engages in the proscribed conduct is in violation of the statute. Statutory language clear on its face will be construed for what it says. *State* v. *Roque,* 190 Conn. 143, 150, 460 A.2d 26 (1983). The statute does not limit the definition of "any person" to adults. The legislature was free to, and did not, define violators in terms of age. See, e.g., General Statutes § 21a-278a (a) (scope of offense of illegal sale of controlled substance to minors limited to sellers at least eighteen years old). The defendant cannot contest the fact that he is in the class of "any person," nor is there any merit to his claim that he is the first juvenile to fall within the statute's purview. See *In re Michael B.,* 41 Conn. Sup. 229, 566 A.2d 446 (1989).

The defendant argues that, as a matter of policy, § 53-21 should not apply to violators who are minors since they are themselves within the class of children protected by the statute. Despite the defendant's assertion that interpreting § 53-21 to include acts between children would criminalize instances of "playing doctor," we will not interpret the law to give minors license to sexually molest other minors. It is contrary to the law's intent, and to common sense, to establish a policy

that withdraws the law's protection from the victim in order to protect the violator, even one who is a minor.

## II

The defendant also claims that § 53-21 is vague as applied to the facts of this case because he had no notice that his conduct was within the ambit of the acts proscribed. Relying on *State* v. *Schriver,* supra, the defendant claims that his conviction for impairing a minor's morals cannot stand because there was no proof that he deliberately touched the victim's private parts.[3]

Our Supreme Court has determined that while the language of § 53-21 fails to provide an objective definition of proscribed conduct, judicial decisions have provided sufficient guidelines to save the statute from its facial invalidity. Id., 462. The defendant here was charged with committing an act upon the victim likely to impair the victim's morals, one of two general types of behavior proscribed by § 53-21. See *State* v. *Laracuente,* 205 Conn. 515, 521–22, 534 A.2d 882, cert. denied, 485 U.S. 1036, 108 S. Ct. 1598, 99 L. Ed. 2d 913 (1987); *State* v. *Dennis,* 150 Conn. 245, 250, 188 A.2d 65 (1963). The controlling standard for defining acts likely to impair morals is provided by *State* v. *Pickering,* 180 Conn. 54, 428 A.2d 322 (1980). "This court's opinions pursuant to § 53-21 make it clear that the deliberate touching of the private parts of a child under the age of sixteen in a sexual and indecent manner is violative of the statute." Id., 64.

In reiterating this standard, the court in *Schriver* rejected the argument that the judicial gloss of *Pickering* did not exhaustively define the reach of the statute.

---

[3] For the purposes of prosecutions under General Statutes § 53-21, the terms "private parts" and "intimate parts" are synonymous. *State* v. *Schriver,* 207 Conn. 456, 463 n.4, 542 A.2d 686 (1988). General Statutes § 53a-65 (8) defines intimate parts as "the genital area, groin, anus, inner thighs, buttocks or breasts."

*State* v. *Schriver,* supra, 463. The court refused to construe the statute to proscribe conduct that is merely "sexually suggestive"; id., 463–64; as it is not "the type of lewd conduct that § 53-21 proscribes." Id., 466. The defendant here would have us follow the *Schriver* gloss on § 53-21 so narrowly as to hold that because he touched the victim *with his* private parts, rather than *on her* private parts, he did not commit an act likely to impair her morals. This we cannot accept.

While the defendant here did not touch the victim's private parts, his act does constitute the type of "lewd conduct" within the reach of § 53-21. The trial court expressly found that the defendant's penis touched the victim's mouth. Such contact falls within the definition of sexual contact under General Statutes § 53a-65 (3), which includes not only "any contact with the intimate parts of a person not married to the actor" but *"any contact of the intimate parts of the actor* with a person not married to the actor for the purpose of sexual gratification of the actor." (Emphasis added.) The court in *Schriver* recognized the desirability of reconciling the scope of § 53-21 with similar provisions of the penal code, and our conclusion that § 53-21 encompasses the defendant's conduct is consistent with the general principles of creating a consistent body of law. *State* v. *Schriver,* supra, 463 n.4.

The import of the *Schriver* decision was to resist the broadening of the scope of the acts that violate § 53-21 in order to provide the objective criteria for enforcement necessary to save the statute from unconstitutional vagueness. We hold here that acts likely to impair the morals of a minor include the deliberate touching of a child under sixteen years old with one's private parts in a sexual and indecent manner. We conclude that this conduct is sufficiently definite and objective so as to provide the required enforcement standards. The trial court correctly concluded that the defendant had com-

mitted an act from which the legislature, by its enact-
ment of General Statutes § 53-21, sought to protect the
minor children of the state, and thus properly adjudi-
cated him a delinquent.

There is no error.

In this opinion the other judges concurred.