**Sergio "Sonny" ROBERTS,**
**Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

**No. 95–97.**

Supreme Court of Wyoming.

March 11, 1996.

Donald L. Fuller of Krampner and Fuller, Casper, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Mary Beth Wolff, Special Assistant Attorney General, Cheyenne, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

This is an appeal from an order of the district court revoking appellant's probation. Appellant contends the State failed to prove, by a preponderance of the evidence, that he violated the terms of his probation by engaging in indecent liberties with his daughter.

We affirm.

## I. ISSUES

Appellant, Sergio "Sonny" Roberts (Roberts), contends:

1. Whether the district court abused its discretion in determining that sufficient evidence was presented at trial to make the finding that appellant violated W.S. § 14–3–105 (1977) justifying appellant[']s probation revocation.

2. Whether W.S. § 14–3–105 (1977) regarding immodest, immoral and indecent liberties with a minor is unconstitutionally vague as applied to the facts of this case.

In response, the State argues:

I. Whether sufficient evidence existed to establish that appellant had violated a condition of his probation?

II. Whether W.S. 14–3–105 is unconstitutionally vague as applied to appellant?

## II. FACTS

On May 28, 1991, pursuant to a plea of guilty, Roberts was convicted of a violation of Wyo. Stat. § 14–3–105 (1978). He was sentenced to serve four to six years in the Wyoming State Penitentiary, but the district court imposed a "split sentence." Roberts served one year in the Campbell County Detention Center and was then placed on probation for six years. One of the conditions of his probation was that he live a law-abiding life and not violate any law of the State of Wyoming. The 1991 conviction was the result of Roberts having engaged in sexual conduct with his step-daughter.

On November 14, 1994, the State filed a petition to revoke probation asserting that Roberts had again committed a violation of the indecent liberties statute, this time with one of his natural daughters. After his 1991 conviction, Roberts was permitted only supervised visitation with his two natural daughters. Although the record is not clear how the change came to be "approved," eventually, Roberts began to have unsupervised weekend visits with his daughters. The key evidence against Roberts came from the eldest of his two daughters, who was thirteen years old when the events constituting the indecent liberties occurred. Her use of ter-

minology and the exactness of her testimony varied somewhat from direct examination to cross-examination. The thrust of Roberts' appeal relies principally upon that variation. We are able to glean from the record that Roberts would enter his daughter's bedroom in the morning and jump on top of her, or right beside her, in order to awaken her. He would lay down beside her in her bed and "would try like getting on top of us and waking us up." He would "rub" his daughter's side and nuzzle her neck and mouth with his nose. The daughter testified that it made her uncomfortable because it resembled what, in her perception, a husband and wife would do. These episodes usually lasted five to six minutes, until she woke up or she pushed him away and he left. Some parts of her testimony involved a demonstration of how Roberts did these things. Roberts would also snuggle (lay down beside) his daughter when they watched television and she related that it was done in a way as he had done with her mother. When these events occurred, Roberts would be wearing a tee-shirt and shorts or just sweat pants and no shirt. The daughter was usually in bed wearing only under garments.

According to her testimony, the child became despondent because of these experiences with her father. She reported these feelings in therapeutic sessions with counselors. A therapist with expertise in the area of child sexual abuse testified about the characteristics of children subjected to abuse, as well as about the general modus operandi of abusers and Roberts' case in particular. The therapist reported that the eldest daughter expressed grave concern about the way her father touched her and also concern that her younger sister was sleeping in bed with her father. The younger daughter denied that any sort of abuse had occurred. The expert testified that abusers engage in conduct identified as "grooming," i.e., "a kind of behavior that has as its goal to make an intended victim or intended target of sexual activity comfortable with increasing closeness and an increasing degree of sexual acts." Ultimately, the expert gave his opinion that the eldest daughter was a victim of sexual abuse.

## III. DISCUSSION

As we begin our analysis of the issues raised, we emphasize that this is not a case which involves the sufficiency of evidence required to sustain a criminal conviction for indecent liberties. A district court's decision to revoke probation is discretionary and will not be disturbed unless the record shows a clear abuse of discretion. *Gailey v. State*, 882 P.2d 888, 891 (Wyo.1994). The district court is required to make a conscientious judgment that the alleged violation occurred after considering the reasons underlying the conditions of probation, the violation of those conditions, and the reasons leading to the violation. *Id.* (*quoting Minchew v. State*, 685 P.2d 30, 32 (Wyo.1984)). The existence of the violation must be established by a preponderance of the evidence. *Krow v. State*, 840 P.2d 261, 264 (Wyo.1992). Indecent liberties are such as the common sense of society would regard as indecent and improper and a person of ordinary intelligence can weigh contemplated conduct against that prohibition. *Sorenson v. State*, 604 P.2d 1031, 1034–35 (Wyo.1979). It is not necessary that the minor's private parts be subjected to the misconduct and some acts which may not be indecent in themselves may be made so by words and circumstances. *Godfrey v. People*, 168 Colo. 299, 451 P.2d 291, 293 (1969); *Wheeler v. State*, 87 Wis.2d 626, 275 N.W.2d 651, 655 (1979); 2 William L. Burdick, *The Law of Crime*, § 493 n. 38 & 39 (1946); 43 C.J.S. *Infants* § 97 (1978).

We are satisfied that the district court did not abuse its discretion in revoking Roberts' probation. We are also satisfied that the preponderance of the evidence supports the factual conclusion that Roberts' acts were indecent as contemplated by the statute. Finally, we have held that the indecent liberties statute is not unconstitutionally vague and the circumstances presented by this matter do not require us to revisit that issue. *Sorenson*, 604 P.2d at 1033–35.

## IV. CONCLUSION

The order revoking probation is affirmed.