2001 WY 65

**Wesley MISENHEIMER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 00–89.

Supreme Court of Wyoming.

July 20, 2001.

Representing Appellant: Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Marion Yoder, Senior Assistant Public Defender. Argument by Ms. Yoder.

Representing Appellees: Gay Woodhouse, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Kimberly A. Baker; Senior Assistant Attorney General; Theodore E. Lauer, Director, Prosecution Assistance Program; and Vicki Johnston, Student Intern. Argument by Ms. Johnston.

Before LEHMAN, C.J., and GOLDEN, HILL, and KITE, JJ., and DAN SPANGLER, D.J. (Ret.).

HILL, Justice.

[¶ 1] Wesley Misenheimer (Appellant) entered a conditional plea[1] of guilty to one count of taking immodest, immoral or indecent liberties with a child in violation of Wyo. Stat. Ann. § 14–3–105 (LexisNexis 2001) (indecent liberties statute) subject to an appeal on his claims that § 14–3–105 is unconstitutional as applied and that the decision to

charge denied him equal protection. We affirm.

## ISSUES

[¶ 2] Appellant presents two issues for review:

*Issue I*

Is W.S. § 14–3–105 unconstitutionally vague with respect to its application to a minor accused of committing immoral acts with another minor, particularly when those acts are entirely voluntary?

*Issue II*

Have Appellant's Equal Protection rights been violated when the prosecutor elects to bring charges of violation of W.S. § 14–3–105 against only the male minor rather than against the female minor involved?

The State's statement of the issues is the same but uses slightly different language:

I. Is Wyo. Stat. § 14–3–105 unconstitutionally vague as applied in this case?

II. Was the seventeen-year-old male appellant denied equal protection of the law when he had sexual intercourse with a thirteen-year-old girl and was charged with violation of Wyo. Stat. § 14–3–105, even though the thirteen-year-old girl was not charged under the same statute?

## FACTS

[¶ 3] The facts of this case are fairly simple. Appellant was seventeen years old when he engaged in consensual sexual intercourse with the thirteen-year-old victim. The victim's father discovered the nature of the relationship and reported it to the police. On at least one occasion, Appellant and a friend had supplied the victim with alcohol prior to both of them engaging in sexual activity with her. Appellant was charged with five counts of taking indecent liberties with a child in violation of § 14–3–105.[2] Ap-

---

1. W.R.Cr.P. 11(a)(2).

2. Appellant was initially charged with five counts of sexual assault in the third degree in violation of Wyo. Stat. Ann. § 6–2–304 (LexisNexis 2001). The two circumstances relevant to the facts of

this case that could constitute third degree sexual assault require: (1) the actor be at least four years older than a victim under the age of sixteen; or (2) the actor be an adult. Appellant was born on October 24, 1981, and the victim was

pellant moved to dismiss the charges on two grounds. First, he argued that § 14–3–105 was unconstitutionally vague as applied to the facts. Appellant argued that a reasonably intelligent person of ordinary sensibility would not recognize § 14–3–105 to prohibit consensual sexual relations between minors. In essence, Appellant's position was that the statute did not give fair notice that the conduct he engaged in was prohibited. He also contended that the statute was arbitrarily and discriminatorily enforced since both parties were minors engaged in a consensual relationship and yet he was the only one criminally charged. In addition, that argument formed the basis for Appellant's second argument that by charging him, and not the minor female, his right to equal protection under the Fourteenth Amendment and the Wyoming Constitution was violated.

[¶ 4] The district court denied Appellant's motion to dismiss. The court concluded that there was "no reason that a reasonably intelligent 17 year old could not determine that sexual intercourse with a 13–year–old was 'clearly conduct which is forbidden as immodest, "immoral or indecent liberties." ' " (citing *Britt v. State*, 752 P.2d 426, 428 (Wyo.1988)). The district court denied the equal protection contention on the grounds that Appellant had failed to show that the prosecutor's discretionary decision to charge only him was arbitrarily based on a suspect classification.

[¶ 5] After the denial of his motion to dismiss, Appellant entered into a plea agreement. The State agreed to drop four of the charges of indecent liberties in exchange for a plea of guilty by Appellant to the remaining charge. The plea was conditional pursuant to W.R.Cr.P. 11(a)(2) with Appellant reserving the right to challenge on appeal the district court's denial of his motion to dismiss. That appeal is now before us.

## STANDARD OF REVIEW

[¶ 6] A statute is unconstitutionally vague as applied to a particular defendant's actions if it "fails to give a person of ordinary sensibility fair notice that the contemplated conduct is forbidden," *Britt*, 752 P.2d at 428 (quoting *Keser v. State*, 706 P.2d 263, 266 (Wyo.1985)), and the facts of the case demonstrate arbitrary and discriminatory enforcement of the statute. *Pierson v. State*, 956 P.2d 1119, 1123 (Wyo.1998) (quoting *Griego v. State*, 761 P.2d 973, 975 (Wyo.1988) and *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983)).

[¶ 7] Resolution of Appellant's vagueness claim involves the interpretation of statutory language. We analyze statutes in an endeavor to interpret them in accordance with the legislature's intent, beginning with an inquiry into the ordinary and obvious meaning of the words employed according to their arrangement and connection. *Capshaw v. State*, 10 P.3d 560, 564 (Wyo.2000) (quoting *Parker Land and Cattle Company v. Wyoming Game and Fish Commission*, 845 P.2d 1040, 1042 (Wyo.1993) and *Rasmussen v. Baker*, 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). "We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute *in pari materia* so that no part will be inoperative or superfluous." *Capshaw*, 10 P.3d at 564 (citing *Fall v. State*, 963 P.2d 981, 983 (Wyo.1998)).

[¶ 8] In reviewing Appellant's equal protection challenge, we keep in mind that charging decisions rest within the discretion of the prosecuting attorney. *Mares v. State*, 939 P.2d 724, 731 (Wyo.1997). A defendant claiming a violation of equal protection must first demonstrate that the classification at issue "treats similarly situated persons unequally." *Ellett v. State*, 883 P.2d 940, 944 (Wyo.1994) (quoting *Matter of ALJ*, 836 P.2d 307, 313 (Wyo.1992)). If the defendant can make that demonstration, then we apply one of two levels of scrutiny to determine whether equal protection was violated. That is, where a statute [or a governmental action] affects a fundamental interest or creates an inherently suspect classification,

---

born on May 17, 1985. At the time of the acts constituting the basis of the charges, Appellant was neither an adult nor at least four years older than the victim. Since a third degree sexual

assault charge was not applicable under the facts of this case, the State was allowed to amend the information to reflect charges under § 14–3–105.

the court must strictly scrutinize that statute [or the governmental action] to determine if it is necessary to achieve a compelling state interest. However, if the statute [or the governmental action] only affects ordinary interests in the economic and social welfare area, the court need only determine that it is rationally related to a legitimate state objective.

*Ellett,* 883 P.2d at 944 (quoting *White v. State,* 784 P.2d 1313, 1315 (Wyo.1989)).

## DISCUSSION

*Vagueness*

■ [¶ 9] Appellant presents a two-pronged attack on § 14–3–105 in support of his contention that the statute is vague as applied to the facts of his case. First, he argues that § 14–3–105 is vague as to the class of persons the legislature intended to include as offenders. Appellant notes that the purpose of § 14–3–105 is to protect the morals of children. *Pierson,* 956 P.2d 1119. He also notes that § 14–3–105 does not contain specific age elements, including minors, similar to that found in the third degree sexual assault statute, Wyo. Stat. Ann. § 6–2–304 (LexisNexis 2001), and that our case law has exclusively focused on the fact that *adults* may be convicted of taking indecent liberties with children. *Id. See also, Moore v. State,* 912 P.2d 1113 (Wyo.1996); *Ochoa v. State,* 848 P.2d 1359 (Wyo.1993); *Scadden v. State,* 732 P.2d 1036 (Wyo.1987); and *McArtor v. State,* 699 P.2d 288 (Wyo.1985). From those propositions, Appellant concludes that § 14–3–105 is intended to protect children from adults and not to prevent consensual sex between minors. In the second prong of his argument, Appellant contends that he could not have known that the conduct he engaged in was prohibited. In essence, Appellant argues that in the "moral climate" of today's society consensual sexual activity between minors is not an action "such as the common sense of society would regard as indecent and improper [that] a person of ordinary intelligence can weigh contemplated conduct against that prohibition." *Pierson,* 956 P.2d at 1123 (quoting *Roberts v. State,* 912 P.2d 1110, 1112 (Wyo.1996) and *Sorenson v. State,* 604 P.2d 1031, 1034–35 (Wyo.1979)).

■ [¶ 10] In order to resolve Appellant's issue, we begin by examining the statutory context established by the legislature for regulating sexual offenses. Appellant pleaded guilty to one count of taking immodest, immoral or indecent liberties with a child pursuant to § 14–3–105, which provides:

### § 14–3–105. Immoral or indecent acts; penalty.

(a) Except under circumstance constituting sexual assault in the first, second or third degree as defined by W.S. 6–2–302 through 6–2–304, any person knowingly taking immodest, immoral or indecent liberties with any child or knowingly causing or encouraging any child to cause or encourage another child to commit with him any immoral or indecent act is guilty of a felony. Except as provided by subsection (b) of this section, a person convicted under this section shall be fined not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) or imprisoned in the penitentiary not more than ten (10) years, or both.

(b) An actor convicted under subsection (a) of this section shall be punished by life imprisonment without parole if:

(i) The circumstances of the crime involve a victim who was under the age of sixteen (16) at the time of the offense and an actor who was at least four (4) years older than the victim; and

(ii) The actor has two (2) or more previous convictions for any of the following designated offenses, which convictions resulted from charges separately brought and which arose out of separate occurrences in this state or elsewhere:

(A) A conviction under W.S. 6–2–302 through 6–2–304 or a criminal statute containing the same or similar elements as a crime defined by W.S. 6–2–302 through 6–2–304;

(B) Repealed by Laws 1997, ch. 135, § 2.

(C) A conviction under W.S. 14–3–105(a), or a criminal statute containing the same or similar elements as the crime defined by W.S. 14–3–105(a), if the

circumstances of the crime involved a victim who was under the age of sixteen (16) at the time of the offense and an actor who was at least four (4) years older than the victim.

(c) As used in this section, "child" means a person under the age of eighteen (18) years.

The phrase "indecent liberties" is defined "as actions which 'are such as the common sense of society would regard as indecent and improper and a person of ordinary intelligence can weigh contemplated conduct against that prohibition.'". *Pierson*, 956 P.2d at 1123. The indecent liberties statute references the three sexual assault statutes, Wyo. Stat. Ann. §§ 6–2–302 through 6–2–304 (LexisNexis 2001), which provide as follows:

**§ 6–2–302. Sexual Assault in the first degree.**

(a) Any actor who inflicts sexual intrusion on a victim commits a sexual assault in the first degree if:

(i) The actor causes submission of the victim through the actual application, reasonably calculated to cause submission of the victim, of physical force or forcible confinement;

(ii) The actor causes submission of the victim by threat of death, serious bodily injury, extreme physical pain or kidnapping to be inflicted on anyone and the victim reasonably believes that the actor has the present ability to execute these threats;

(iii) The victim is physically helpless, and the actor knows or reasonably should know that the victim is physically helpless and that the victim has not consented; or

(iv) The actor knows or reasonably should know that the victim through a mental illness, mental deficiency or developmental disability is incapable of appraising the nature of the victim's conduct.

**§ 6–2–303. Sexual Assault in the second degree.**

(a) Any actor who inflicts sexual intrusion on a victim commits sexual assault in the second degree if, under circumstances not constituting sexual assault in the first degree:

(i) The actor causes submission of the victim by threatening to retaliate in the future against the victim or the victim's spouse, parents, brothers, sisters or children, and the victim reasonably believes the actor will execute this threat. "To retaliate" includes threats of kidnapping, death, serious bodily injury or extreme physical pain;

(ii) The actor causes submission of the victim by any means that would prevent resistance by a victim of ordinary resolution;

(iii) The actor administers, or knows that someone else administered to the victim, without the prior knowledge or consent of the victim, any substance which substantially impairs the victim's power to appraise or control his conduct;

(iv) The actor knows or should reasonably know that the victim submits erroneously believing the actor to be the victim's spouse;

(v) At the time of the commission of the act the victim is less than twelve (12) years of age and the actor is at least four (4) years older than the victim;

(vi) The actor is in a position of authority over the victim and uses this position of authority to cause the victim to submit; or

(vii) The actor inflicts sexual intrusion in treatment or examination of a victim for purposes or in a manner substantially inconsistent with reasonable medical practices.

(b) A person is guilty of sexual assault in the second degree if he subjects another person to sexual contact and causes serious bodily injury to the victim under any of the circumstances listed in W.S. 6–2–302(a)(i) through (iv) or paragraphs (a)(i) through (vi) of this section.

(c) Repealed by Laws 1997, ch. 135, § 2.

**§ 6–2–304. Sexual assault in the third degree.**

(a) An actor commits sexual assault in the third degree if, under circumstances

not constituting sexual assault in the first or second degree:

(i) The actor is at least four (4) years older than the victim and inflicts sexual intrusion on a victim under the age of sixteen (16) years; or

(ii) The actor is an adult and subjects a victim under the age of fourteen (14) years to sexual contact without inflicting sexual intrusion on the victim and without causing serious bodily injury to the victim;

(iii) The actor subjects a victim to sexual contact under any of the circumstances of W.S. 6–2–302(a)(i) through (iv) or 6–2–303(a)(i) through (vi) without inflicting sexual intrusion on the victim and without causing serious bodily injury to the victim.

A review of these statutes readily indicates that the legislature intended them to operate as an integrated whole. In fact, the statutory scheme evidences a hierarchical framework through a series of conditional clauses. At the top of this hierarchy is first degree

sexual assault, which, broadly speaking, prohibits forcible sexual contact. Second degree sexual assault may be charged only "under circumstances not constituting sexual assault in the first degree." Similarly, as one proceeds down the hierarchy, third degree sexual assault cannot be charged under circumstances constituting first or second degree sexual assault. The hierarchical nature of the statutory scheme is a sign of the seriousness attached to each crime and is reflected in the penalties imposed by the legislature on each.[3]

[¶ 11] The sexual assault statutes protect all persons.[4] The indecent liberties statute, on the other hand, only offers protection to those less than eighteen years of age. § 14–3–105(c). It is also limited in that it is applicable only in those circumstances not constituting first, second or third degree sexual assault. In other words, § 14–3–105 criminalizes activities that are otherwise permissible between consenting adults when one of the parties is under the age of eighteen years. Appellant agrees that the statute clearly prohibits certain conduct between

3. Wyo. Stat. Ann. § 6–2–306 (LexisNexis 2001) states:

**§ 6–2–306. Penalties for sexual assault**
(a) An actor convicted of sexual assault who does not qualify under the criteria of subsection (b) or (d) of this section shall be punished as follows:
(i) Sexual assault in the first degree is a felony punishable by imprisonment for not less than five (5) years nor more than fifty (50) years;
(ii) Sexual assault in the second degree is a felony punishable by imprisonment for not more than twenty (20) years;
(iii) Sexual assault in the third degree is a felony punishable [by] imprisonment for not more than fifteen (15) years;
(iv) Repealed by Laws 1997, ch. 135, § 2.
(b) An actor who is convicted of sexual assault and who does not qualify under the criteria of subsection (d) of this section shall be punished by the extended terms of subsection (c) of this section if:
(i) He is being sentenced for two (2) or more separate acts of sexual assault in the first or second degree;
(ii) He previously has been convicted of any crime containing the same or similar elements as the crimes defined in W.S. 6–2–302 or 6–2–303.
(c) An actor convicted of sexual assault who qualifies under the criteria of subsection (b) of this section shall be punished as follows:

(i) Sexual assault in the first or second degree is a felony punishable by imprisonment for not less than five (5) years or for life;
(ii) Sexual assault in the third degree is a felony punishable by imprisonment for not more than twenty (20) years;
(iii) Repealed by Laws 1997, ch. 135, § 2.
(d) An actor who is convicted of sexual assault shall be punished by life imprisonment without parole if the actor has two (2) or more previous convictions for any of the following designated offenses, which convictions resulted from charges separately brought and which arose out of separate occurrences in this state or elsewhere:
(i) A crime defined in W.S. 6–2–302 through 6–2–304 or a criminal statute containing the same or similar elements as a crime defined by W.S. 6–2–302 through 6–2–304;
(ii) Repealed by Laws 1997, ch. 135, § 2.
(iii) A conviction under W.S. 14–3–105(a), or a criminal statute containing the same or similar elements as the crime defined by W.S. 14–3–105(a), if the circumstances of the crime involved a victim who was under the age of sixteen (16) at the time of the offense and an actor who was at least four (4) years older than the victim.

4. The statutes use the term "victim," which is defined as "the person alleged to have been subjected to sexual assault[.]" Wyo. Stat. Ann. § 6–2–301(a)(viii) (LexisNexis 2001).

adults and minor children. However, he argues that it is less clear that the statute prohibits such conduct when the actors are both members of the statutorily protected group. Thus, the question posed is from *whom* does § 14–3–105 protect children? With the statutory scheme set out by the legislature in mind, we now turn to this question.

[¶ 12] The indecent liberties statute prohibits "any *person* [from] knowingly taking immodest, immoral or indecent liberties with any child[.]" § 14–3–105(a) (emphasis added). The crux of the issue then is what did the legislature mean by "person." The term is not defined within the indecent liberties statute. The ordinary meaning of the word is very broad: a human being or individual. Merriam–Webster's Collegiate Dictionary 867 10th Ed. (1998); Black's Law Dictionary 1142 6th Ed. (1990). The scope of the phrase cannot be clearer: "Person" means any human being or individual without limitation by age or other factors. The policy behind § 14–3–105 is to protect children from exploitation; we cannot imagine that the legislature intended to withdraw the protection of the law from the victim in order to protect the offender. *In re Hildebrant*, 216 Mich. App. 384, 548 N.W.2d 715, 716 (1996). We find the reply to a similar argument by the Appellate Court of Connecticut succinctly on point:

The defendant first claims that he had no notice that the statute applies to the actions of one who is himself a minor. We cannot agree. Section 53–21 provides that "any person" who engages in the proscribed conduct is in violation of the statute. Statutory language clear on its face will be construed for what it says. *State v. Roque*, 190 Conn. 143, 150, 460 A.2d 26 (1983). The statute does not limit the definition of "any person" to adults. The legislature was free to, and did not, define violators in terms of age. * * * The defendant cannot contest the fact that he is in the class of "any person," nor is there any merit to his claim that he is the first juvenile to fall within the statute's purview. See *In re Michael B.*, 41 Conn.Supp. 229, 566 A.2d 446 (1989).

The defendant argues that, as a matter of policy, § 53–21 should not apply to violators who are minors since they are themselves within the class of children protected by the statute. Despite the defendant's assertion that interpreting § 53–21 to include acts between children would criminalize instances of "playing doctor," we will not interpret the law to give minors license to sexually molest other minors. It is contrary to the law's intent, and to common sense, to establish a policy that withdraws the law's protection from the victim in order to protect the violator, even one who is a minor.

*In re John C.*, 20 Conn.App. 694, 569 A.2d 1154, 1156 (1990). The exclusion of minors from the prohibitions of the indecent liberties statute would undercut the purpose behind the statute: the protection of children. It is a sad reality that minors are capable of, and do commit, crimes just as adults do.

An increasing number of reported sex cases involving children have demonstrated that the problem of sexual molestation is not simply confined to adults abusing children, but extends to adolescent and preadolescent minors committing sexual acts upon even younger minors.

Susan M. Kole, Annotation, *Statute Protecting Minors in a Specified Age Range from Rape or Other Sexual Activity as Applicable to Defendant Minor within Protected Age Group*, 18 A.L.R. 5th 856, 866 (1994). Statutes must be read in a manner that effectuates the legislature's intent and the inclusion of minors within the meaning of the phrase "any person" accomplishes that by ensuring the protection of children from sexual abuse inflicted by not only adults but also by their peers. The phrase "any person" is sufficiently clear to put an individual of any age on sufficient notice that their conduct may come within the prohibitions of the statute.

[¶ 13] Furthermore, the inclusion of minors within the meaning of the word "persons" in § 14–3–105 is consistent with the overall statutory framework established by the legislature. As noted above, the indecent liberties statute is a part of the statutory scheme designed to protect people from sexual exploitation. The assault statutes, §§ 6–

2–302 through 6–2–304, use the word "actor" when referring to the perpetrator. That word is defined within the statutes as meaning, "the **person** accused of criminal assault[.]" Wyo. Stat. Ann. § 6–2–301(a)(i) (LexisNexis 2001) (emphasis added). Appellant acknowledges that minors are subject to the prohibitions established in the sexual assault statutes at §§ 6–2–302 through 6–2–304. Consistency argues for the application of the same meaning to a word that is included in related statutes.

[¶ 14] Appellant also argues that he could not have reasonably known that a sexual relationship between a seventeen-year-old and a thirteen-year-old was prohibited by § 14–3–105. In support of his position, Appellant points out that children are reaching sexual maturity and are engaging in sexual conduct at earlier ages. The mere fact that children are reaching sexual maturity at an earlier age is, however, irrelevant to the issue of whether Appellant's actions were in violation of § 14–3–105. The attainment of sexual maturity is not a license for the sexual exploitation of children.

[¶ 15] We agree with the district court's assessment that there is no reason a reasonably intelligent seventeen-year-old could not determine that sexual intercourse with a thirteen-year-old was conduct which is forbidden under § 14–3–105.[5] An ordinary, reasonably intelligent seventeen-year-old could determine that supplying a thirteen-year-old child with alcohol prior to engaging in sexual acts with her was forbidden conduct. A vague statute lacks ascertainable standards for establishing guilt. We have previously held that § 14–3–105 is not facially vague as to the types of conduct that are proscribed. *Pierson,* 956 P.2d at 1123–24; *Sorenson,* 604 P.2d at 1034–35. The indecent liberties statute is not vague as applied to the facts of Appellant's case, and the district court's decision on this issue is affirmed.

*Equal Protection*

[¶ 16] Appellant argues that the decision to charge him but not the minor female violated his equal protection rights under the Fourteenth Amendment and the Wyoming Constitution. In essence, Appellant has raised two separate issues here. First, Appellant argues that the only distinction between him and the victim is their sex. He posits this as the probable basis for the prosecutor's decision to charge him and not the victim. This is a claim of selective prosecution. In his second argument, Appellant argues that he and the victim are similarly situated under § 14–3–105, and charging him under the statute and not the victim violated his equal protection rights.

[¶ 17] A selective prosecution exists when it is demonstrated that others similarly situated have not been prosecuted and the prosecution of the defendant is based on an impermissible motive. *Crozier v. State,* 882 P.2d 1230, 1235 (Wyo.1994). "The impermissible motivation must be demonstrated by showing that the charge was deliberately based on an unjustifiable standard or designed to inhibit the exercise of a constitutional right by the accused." *Id.* Appellant claims that he was similarly situated with the victim, who was not charged. From that, Appellant draws the conclusion that the only basis for prosecuting him and not the victim must be his sex. Appellant's argument is purely speculative and ignores some salient facts that distinguish the victim's position from his. The prosecutor could have relied upon any or all of the following factors in deciding to prosecute Appellant: (1) the age difference between him and the victim; (2) the relative maturity levels of the parties related to their ages; and (3) Appellant's actions, such as supplying alcohol to the victim. Appellant has failed to show that he is, in any way, similarly situated as the victim,

---

5. Appellant's position that he could not know that engaging in sexual relations with a thirteen-year-old was prohibited conduct is undercut by his own actions. He told the police, and maintained at his plea hearing, that he believed the victim's age to be sixteen. However, the victim informed the police that she had, in fact, told Appellant her true age. Furthermore, Appellant acknowledged that he knew the victim attended a junior high school, an admission that casts serious doubt on Appellant's veracity concerning his lack of knowledge of the victim's age. By obfuscating on this issue, Appellant shows that on some level he knew his actions were inappropriate.

and his claim that the decision to prosecute him was based solely on his sex ignores the facts in the record and is only speculation.

[¶ 18] An equal protection analysis begins with the threshold question of whether the statute at issue treats similarly situated persons unequally. *Ellett*, 883 P.2d at 944. Appellant and the victim are similarly situated within the context of § 14-3-105 because they are both a "child" as defined in section (c) of the statute. The statute is treating the similarly situated persons unequally because one is being subjected to a criminal penalty and the other is not.

[¶ 19] The next step of the analysis is to determine what level of scrutiny we apply to determine whether the unequal treatment violates equal protection. The classification at issue here involves age— persons under eighteen years old. Age is not a protected class. *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 314–15, 96 S.Ct. 2562, 2567, 49 L.Ed.2d 520 (1976); *People v. Reed*, 148 Ill.2d 1, 169 Ill.Dec. 282, 591 N.E.2d 455, 457–58 (1992). Therefore, we need only determine whether § 14-3-105 is rationally related to a legitimate state objective. As noted above, the purpose of § 14-3-105 is to protect children from sexual exploitation and abuse. There can be absolutely no question that such protection is a legitimate state objective. Section 14-3-105 bears a rational relationship to that objective and is a reasonable method of obtaining it because the statute recognizes that any person, including minors, is capable of preying upon children. The statute does not violate Appellant's right to equal protection.

## CONCLUSION

[¶ 20] Section 14-3-105 is not unconstitutionally vague as applied to Appellant's conduct nor does it violate his right to equal protection. Therefore, Appellant's plea of guilty is affirmed.

LEHMAN, Chief Justice, specially concurring.

[¶ 21] I have no quibble with the majority's reasoning. Indeed, affirmance appears to me to be mandated by the indecent liberties statute, which permits the prosecution of "any person." However, although I am not troubled by application of the indecent liberties statute under these specific facts, I am concerned that this case has the potential to lead to absurd results in future cases.

[¶ 22] Imagine this scenario. A boy and a girl, both high school seniors just short of their eighteenth birthdays, engage in consensual sex. After today's opinion, **both** could potentially be found guilty of indecent liberties, a felony conviction that includes drastic collateral consequences in addition to imprisonment for up to ten years. I do not believe this is a desirable result. As Justice Blume observed so many years ago, "[i]t is not the purpose or end of government to incarcerate as many of its citizens as possible." *Hubble v. State*, 285 P. 153, 155, 41 Wyo. 275, 280 (1930).

[¶ 23] In the most recent amendments to the indecent liberties and third degree sexual assault statutes, the legislature has made laudable efforts to harmonize the two provisions. Nevertheless, I am still concerned that the indecent liberties statute can be applied in ways that I believe would be absurd and unfortunate. I would respectfully suggest to the legislature that it re-examine this issue. Does it intend the result in the scenario cited above or in the case at hand? Or, given the comprehensive sexual assault statutory scheme, should the indecent liberties statute be applied only when the perpetrator is an adult and/or four years older than the victim? Finally, are there some types of conduct that should be considered for misdemeanor treatment? With these concerns, I concur in the majority opinion.