# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 109

*April Term, A.D. 2013*

*September 18, 2013*

RALPH DANIEL SISNEROS,

**Appellant**
**(Defendant),**

**v.**                                                    S-13-0064

**THE STATE OF WYOMING,**

**Appellee**
**(Plaintiff).**

### ORDER AFFIRMING JUDGMENT AND SENTENCE OF THE DISTRICT COURT

[¶1]     **This matter** came before the Court upon Appellant's "Pro Se Brief" which was filed herein August 26, 2013.  Pursuant to a plea agreement, Appellant entered an unconditional guilty plea to one count of incest, for having sexual intercourse with his adult daughter.  In exchange for Appellant's plea, the State dismissed two other charges based on the same incident (one count of first degree sexual assault and one count of second degree sexual assault).  The district court imposed a sentence of 13½ to 15 years.  Appellant took this direct appeal.  On May 16, 2013, appellant's court-appointed appellate counsel filed a "Motion to Withdraw as Counsel," pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967).  Following a careful review of the record and the "*Anders* brief" submitted by counsel, this Court entered its "Order Granting Permission for Court Appointed Counsel to Withdraw," on June 4, 2013.  That Order provided that the District Court's "Judgment and Sentence" would be affirmed unless appellant filed a brief that persuades this Court that the captioned appeal is not wholly frivolous.  In response to that order, Appellant filed his "Pro Se Brief."

[¶2]     This Court has carefully reviewed Appellant's Pro Se Brief.  This Court finds that Appellant has not provided any precedent or cogent argument to establish that this appeal

has merit. It is axiomatic that Appellant's guilty plea waived non-jurisdictional claims. *Kitzke v. State*, 2002 WY 147, ¶¶ 8-9, 55 P.3d 696, 699 (Wyo. 2002) ("The only claims not waived by an unconditional guilty plea are those that address the jurisdiction of the court or the voluntariness of the plea….Examples of jurisdictional defects are unconstitutionality of the statute defining the crime, failure of the indictment or information to state an offense, and double jeopardy.") Appellant does not provide any authority to establish that Wyoming's incest statute is unconstitutional under these circumstances, and neither appellate counsel nor this Court was able to locate such authority.

[¶3] Also, even assuming that Appellant's claim of selective prosecution is jurisdictional, Appellant has not provided adequate grounds to support his claim. *Misenheimer v. State*, 2001 WY 65, ¶ 17, 27 P.3d 273, 281-82 (Wyo. 2001) ("A selective prosecution exists when it is demonstrated that others similarly situated have not been prosecuted and the prosecution of the defendant is based on an impermissible motive. *Crozier v. State*, 882 P.2d 1230, 1235 (Wyo. 1994). 'The impermissible motivation must be demonstrated by showing that the charge was deliberately based on an unjustifiable standard or designed to inhibit the exercise of a constitutional right by the accused.' *Id*.")

[¶4] Next, with regard to Appellant's complaints that allegedly inaccurate and improper information was considered at sentencing, he has not established that the district court relied on any of that information in passing sentence. *Manes v. State,* 2004 WY 70, ¶ 9, 92 P.3d 289, 292 (Wyo. 2004); *Sandoval v. State*, 2009 WY 121, ¶ 11, 217 P.3d 393, 396 (Wyo. 2009). Finally, the remainder of Appellant's claims are not support by cogent argument or authority. It is, therefore,

[¶5] **ORDERED** that the District Court's February 6, 2013, "Judgment and Sentence" be, and the same hereby is, affirmed.

[¶6] **DATED** this 18th day of September, 2013.

**BY THE COURT:\***

/s/

**MARILYN S. KITE**
**Chief Justice**

*Justice Burke took no part in the consideration of this matter.