**Rocky Quinton LOVATO, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 94–157.

Supreme Court of Wyoming.

Aug. 23, 1995.

Sylvia Lee Hackl, State Public Defender; Deborah Cornia, Appellate Counsel; and Peter H. Froelicher, Assistant Public Defender, for appellant.

Joseph B. Meyer, Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Theodore E. Lauer, Director of the Prosecution Assistance Program; and Cassandra Stump Ando, Student Intern for the

Prosecution Assistance Program, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant Rocky Lovato appeals from his sentence which was imposed after he conditionally pleaded guilty to one count of taking indecent liberties with a child. His plea was conditioned on his right to appeal the issues raised by his motion to dismiss.

We affirm.

## ISSUES

Appellant's issues for our review are:

Issue I

Should Rocky Lovato have been charged with Third Degree Sexual Assault, W.S. § 6–2–304, instead of Indecent Liberties, W.S. § 14–3–105?

Issue II

Is W.S. § 14–3–105 unconstitutionally vague?

Issue III

Was Rocky Lovato denied his constitutionally guaranteed right to equal protection of the law?

## FACTS

Appellee State of Wyoming filed an amended information, charging Appellant with four counts of taking indecent liberties with a child under WYO. STAT. § 14–3–105 (1994). Appellant initially pleaded not guilty to each of the counts.

Appellant filed a motion to dismiss the charges which were filed against him, contending that his actions constituted the crime of third-degree sexual assault pursuant to WYO. STAT. § 6–2–304 (1988) instead of the crime of taking indecent liberties; that the State had violated his right to have equal protection under the law by bringing the

indecent liberties charges against him; and that the statute which defined the crime of indecent liberties was unconstitutionally vague. The district court denied Appellant's motion to dismiss.

Pursuant to a plea agreement between Appellant and the State, Appellant entered a conditional plea of guilty to one count of taking indecent liberties with a child in exchange for the State agreeing to dismiss the other three counts with prejudice. Appellant pleaded guilty to Count III of the information. Count III charged him with taking indecent liberties with a child during May or June 1993 by having anal intercourse with a male victim who was born on May 6, 1977.[1] In his conditional guilty plea, Appellant reserved the right to appeal from the district court's denial of his motion to dismiss. The district court accepted the plea agreement and passed sentence against Appellant. Appellant appealed to this Court.

## DISCUSSION

### A. *Appellate Review*

In order to decide this case, we must first consider the State's contention that this Court should limit its appellate review to Count III, the count to which Appellant's guilty plea was entered. The State contends that review of the other three counts in the context of this appeal would be "moot and meaningless." We agree.

■ Our general law on justiciability provides that courts should not consider issues which have become moot. *Thunder Hawk By and Through Jensen v. Union Pacific Railroad Company*, 891 P.2d 773, 778 (Wyo. 1995). Justiciability principles are applicable in the criminal context. " 'We have many times held that we will dismiss a case when ... an event occurs which renders a cause moot and makes a determination of the issues unnecessary.' " *Van Riper v. State*, 882 P.2d 230, 238 (Wyo.1994) (quoting *Davidson v. Sherman*, 848 P.2d 1341, 1348 (Wyo.1993)).

1. The count to which Appellant pleaded guilty was misidentified in the judgment and sentence and the order which dismissed the other three counts. After having reviewed the transcript of the hearing in which Appellant entered his plea, we are satisfied that the error was a simple clerical mistake. Also, the parties are in agreement as to the charge to which Appellant pleaded guilty.

Similarly, we will not review a trial court's errors unless a criminal defendant's rights have been invaded and he has suffered an injury. 24 C.J.S. *Criminal Law* § 1680 (1989).

█ Appellant directs us to a federal court case as support for his argument that this Court must consider the dismissed counts in its analysis of the issues in this case: *United States v. Scott*, 884 F.2d 1163 (9th Cir.1989) (per curiam), *cert. denied*, —— U.S. ——, 113 S.Ct. 288, 121 L.Ed.2d 213 (1992). In *Scott*, the court relied on FED.R.CRIM.P. 11(a)(2) in concluding that, pursuant to a conditional plea agreement, a criminal defendant could appeal from the issues which were relevant to charges that had been dismissed.

> "With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea."
>
> Fed.R.Crim.P. 11(a)(2)....

884 F.2d at 1165 (emphasis omitted). W.R.Cr.P. 11(a)(2) is identical, in all material aspects, to the corresponding federal rule. We have stated many times that we will consider relevant federal precedent when Wyoming's rules of procedure are similar to the federal rules. *See, e.g., Meyer v. Mulligan*, 889 P.2d 509, 517 (Wyo.1995). We are not, however, bound by those decisions.

█ The *Scott* court relied specifically on the second sentence of FED.R.CRIM.P. 11(a)(2) in reaching its conclusion. The court rationalized that, since the defendant would be allowed to withdraw his plea if he were successful in his appeal, he must be allowed to appeal from the issues which had been rendered moot, in the traditional sense, by the plea agreement. 884 F.2d at 1164–65. We are not persuaded by the Ninth Circuit Court's analysis. A defendant's remedy after an appeal has been successful is to withdraw his plea, but that has nothing to do with the counts which were dismissed. The defendant did not enter a plea as to those counts. In our opinion, W.R.Cr.P. 11(a)(2)

does not overcome the traditional notions of justiciability.

Further, the court in the *Scott* case relied on *United States v. Tantalo*, 680 F.2d 903 (2d Cir.1982), a case which did not consider FED.R.CRIM.P. 11(a)(2). In *Tantalo*, the defendant pleaded guilty to one count of a superseding information. He, however, expressly conditioned his plea on the right to appeal from his motion to dismiss both the original indictment and the superseding indictment. 680 F.2d at 906. *Tantalo*, therefore, involved a situation where the reservation of a specific issue for appeal was an explicit part of the consideration for the plea agreement. A similar situation occurred in *Whiteplume v. State*, 874 P.2d 893 (Wyo. 1994). In that case, the defendant pleaded nolo contendere to one count of second-degree sexual assault in exchange for the State's dismissal of a kidnapping charge and a first-degree sexual assault charge. He, however, expressly conditioned his plea on the right to appeal from the district court's decision to deny his motion to dismiss the kidnapping charge for abuse of process by the prosecutor. 874 P.2d at 895.

█ In this case, the other three indecent liberties counts which had been filed against Appellant have been dismissed with prejudice. Our decision will not have any effect on Appellant's position as to those counts, and Appellant has not suffered an injury with respect to those counts. Appellant conditioned his guilty plea on his right to appeal from the district court's denial of his motion to dismiss. He did not specify that he wanted to include an argument in his appeal with regard to the dismissed counts. He was, therefore, afforded the benefit of his bargain when he was allowed to appeal from the motion to dismiss as to the count to which he pleaded guilty. This ruling allows us to give effect to our traditional law on justiciability and mootness without unduly limiting the plea agreement process. Accordingly, we will restrict our review in this case to the issues as they pertain to Count III.

## B. *Propriety of Charge*

Appellant argues that, under the facts of this case, he should have been charged with

the crime of third-degree sexual assault as described in § 6–2–304(a)(i) instead of with the crime of indecent liberties as described in § 14–3–105. Appellant's claim is without merit.

Section 6–2–304(a)(i) provides:

(a) Except under circumstances constituting a violation of W.S. 14–3–105, an actor commits sexual assault in the third degree if:

(i) The actor is at least four (4) years older than the victim and who inflicts sexual intrusion on a victim under the age of sixteen (16) years ...

Section 14–3–105(a) provides:

(a) Any person knowingly taking immodest, immoral or indecent liberties with any child or knowingly causing or encouraging any child to cause or encourage another child to commit with him any immoral or indecent act is guilty of a felony, and upon conviction shall be fined not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) or imprisoned in the penitentiary not more than ten (10) years, or both.

This Court has repeatedly and conclusively stated: "It is well established that when an act violates more than one criminal statute, the State may prosecute under either so long as it does not discriminate against any class of defendants." *Bueno–Hernandez v. State,* 724 P.2d 1132, 1140 (Wyo.1986), *cert. denied,* 480 U.S. 907, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987). *See also Nowack v. State,* 774 P.2d 561, 563 (Wyo.1989); *Kallas v. State,* 704 P.2d 693, 694–95 (Wyo.1985). It is not necessary for us to apply that rule in this case, however, because Appellant's actions which were charged in Count III did not constitute a crime under the third-degree sexual assault statute. The victim was born on May 6, 1977, and Appellant's date of birth was February 14, 1974. Section 6–2–304(a)(i), therefore, did not apply because Appellant was less than four years older than his victim was.

## C. *Due Process*

Appellant contends that the indecent liberties statute violates his due process right because the statute is unconstitutionally vague. This Court has addressed the constitutionality of the indecent liberties statute in a number of previous cases and, in each instance, has determined that the statute was sufficiently definite to withstand constitutional muster. *See Ochoa v. State,* 848 P.2d 1359 (Wyo.1993); *Griego v. State,* 761 P.2d 973 (Wyo.1988); *Britt v. State,* 752 P.2d 426 (Wyo.1988); *Sorenson v. State,* 604 P.2d 1031 (Wyo.1979).

The due process guarantees of the Wyoming and the United States constitutions prohibit the Legislature from enacting vague statutes.

A challenge for vagueness can be a "facial challenge" or an "as applied to the facts" challenge. However, a "facial challenge" is available in only two situations: (1) when the statute reaches a substantial amount of constitutionally protected conduct, and (2) when the statute is shown to specify no standard of conduct at all. If neither of these situations exists, then only an "as applied" challenge is available.

*Ochoa,* 848 P.2d at 1363 (citation omitted). We have articulated the test for determining whether a statute is unconstitutionally vague as it is applied to a defendant's conduct:

In making this determination we must decide whether the statute provides sufficient notice to a person of ordinary intelligence that appellant's conduct was illegal and whether the facts of the case demonstrate arbitrary and discriminatory enforcement.

*Griego,* 761 P.2d at 976. Appellant concedes that, under the law as it has been interpreted in Wyoming, he cannot launch a facial challenge against the statute. His due process argument, therefore, rests upon whether the statute violated his constitutional rights when it was applied to his acts.

In evaluating whether a statute gives sufficient notice, we consider the statutory language together with any prior court decisions which have construed the statute or have applied it to specific situations. *Id.* Much of Appellant's argument addresses his contention that he should have been charged under the third-degree sexual assault statute instead of under the indecent liberties statute. Since we have already established that, with regard to Count III, Appellant could not

have been charged with third-degree sexual assault, his argument has no merit.

■ Appellant also suggests that he could not have known that having anal intercourse with a minor amounted to taking indecent liberties with a child. Appellant's argument borders on being ridiculous. This Court has stated that the indecent liberties statute applies "where an adult engage[s] in sexual intercourse with a minor." *Ochoa,* 848 P.2d at 1363. We do not see any difference between the cases where an adult has vaginal intercourse with a child and the cases where an adult has anal intercourse with a child. Sexual intercourse is defined as being any "sexual connection" between humans. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2082 (1961). A person of ordinary intelligence would know that anal intercourse between an adult and a child is unquestionably immoral, immodest, and indecent behavior and is proscribed under the statute. *See Schwenke v. State,* 768 P.2d 1031 (Wyo.1989) (affirming the indecent liberties conviction of a man who had anal intercourse with his son).

Appellant argues that the indecent liberties statute is unconstitutionally vague because the facts of this case demonstrate that it was arbitrarily and discriminatorily enforced against him. In support of his argument, Appellant recites the facts of one of the counts which was dismissed by the State pursuant to the plea agreement. Because we have limited our review in this case to Count III, we refuse to address Appellant's argument. He failed to make any additional showing of arbitrary or discriminatory enforcement.

In further support of his due process contentions, Appellant argues that this Court has never addressed the question of whether the indecent liberties statute independently violates Wyoming's constitutional provisions. He suggests that the Wyoming Constitution offers greater protection from the "arbitrary application of standardless laws" than the United States Constitution does. Appellant insists that we should adopt a constitutional analysis which would permit him to facially challenge the indecent liberties statute.

■ We have stated that, in order to properly advance an argument on the basis of an independent state constitutional provision, the litigant must use " 'a precise, analytically sound approach. Counsel must provide [this Court] with proper arguments and briefs to ensure the future growth of this important area of law.' Robert F. Utter, *Advancing State Constitutions in Court,* Trial, Oct. 1991, at 45." *Dworkin v. L.F.P., Inc.,* 839 P.2d 903, 909 (Wyo.1992). We provided a clear example in *Dworkin* of the type of analysis required by this Court. 839 P.2d at 909–14; *see also Saldana v. State,* 846 P.2d 604, 621–24 (Wyo.1993) (Golden, J., concurring). We refuse to consider the alleged error when a litigant fails to comply with these requirements. *Dworkin,* 839 P.2d at 909.

■ In this case, Appellant did little more than quote the relevant Wyoming constitutional provisions and provide some general analysis of Wyoming due process law. Absent a more complete and specific analysis of the constitutional language and its history, we refuse to consider Appellant's state constitutional arguments.

## D. *Equal Protection*

Appellant maintains that the State violated his right to have equal protection under the law because the statutory scheme of third-degree sexual assault and indecent liberties treats similarly situated people differently. He also argues that his equal protection rights were violated when the State chose to prosecute him but not his peers. Both of Appellant's equal protection arguments are made on the basis of the facts in the counts which were dismissed by the State pursuant to the plea agreement. Since we have ruled that our review in this case is limited to Count III, we do not have any basis for addressing Appellant's equal protection arguments.

### CONCLUSION

We hold that Appellant's conviction for one count of taking indecent liberties with a child is

Affirmed.