2006 WY 134

**Mark Christopher STOKES, Jr.,
Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

No. 05-195.

Supreme Court of Wyoming.

Oct. 19, 2006.

Representing Appellant: Kenneth M. Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Dee Morgan, Senior Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL,* KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1]   A jury found Appellant Mark Stokes guilty of taking "immoral" liberties with a sixteen-year-old girl in violation of Wyo. Stat. Ann. § 14–3–105 (LexisNexis 2005).  In this appeal, Stokes challenges the constitutionality of that statute.  We affirm.

## ISSUE

[¶ 2]   Stokes offers the following issue for our review:

Whether Wyo. Stat. § 14–3–105 is unconstitutionally vague.

## FACTS

[¶ 3] The essential facts of this case are not in dispute.  AJ, the victim in this case, was a sixteen-year-old junior in high school when she met Stokes in the fall of 2004.  At the

---

* Chief Justice at time of expedited conference

time, AJ was dating Stokes' younger brother. Eventually, Stokes, who was then twenty-one years of age, and AJ began dating. Sometime around the end of October or early November 2004, AJ's mother (hereinafter "Mother") learned of their relationship, and she confronted them. Mother told both AJ and Stokes that Stokes was too old for AJ and she did not want them to date under any circumstances. Stokes agreed to discontinue dating AJ until she turned eighteen years of age.

[¶ 4] Despite Mother's demands to terminate the relationship, Stokes and AJ continued to see each other. In early December 2004, Stokes and AJ decided to take their relationship to the next level. On two occasions, Stokes and AJ had sexual intercourse at Stokes' apartment. When Mother found out she reported the matter to police. Upon questioning by police, Stokes described his relationship with AJ as boyfriend and girlfriend and admitted to having sexual intercourse with AJ on two occasions. Stokes also acknowledged that he knew he was doing something wrong when he had sex with sixteen-year-old AJ, and that he broke the rule by getting involved with someone under the age of eighteen.

[¶ 5] Stokes was arrested and charged with one count of taking immodest, immoral or indecent liberties with a child. At the conclusion of a one-day trial, the jury returned a special verdict finding Stokes guilty of taking immoral liberties with AJ and not guilty on the alternative acts of immodest and indecent liberties.[1] The district court sentenced Stokes to three to five years imprisonment but suspended execution of that sentence in favor of probation. This appeal followed.

## STANDARD OF REVIEW

[¶ 6] We review constitutional questions *de novo*. *Rabuck v. State*, 2006 WY 25, ¶ 13, 129 P.3d 861, 864 (Wyo.2006); *Giles v. State*, 2004 WY 101, ¶ 10, 96 P.3d 1027, 1030 (Wyo.2004). Because Stokes did not raise the issue of the constitutionality of Wyo. Stat. Ann. § 14–3–105 in the district

court, our review of Stokes' claim is confined to a search for plain error. Plain error exists when: (1) the record is clear as to the incident alleged as error; (2) the error transgressed a clear and unequivocal rule of law; and (3) the error adversely affected a substantial right of the accused which materially prejudiced him. *Moe v. State*, 2005 WY 58, ¶ 7, 110 P.3d 1206, 1210 (Wyo.2005); *Pierson v. State*, 956 P.2d 1119, 1123 (Wyo.1998).

## DISCUSSION

[¶ 7] This Court is once again asked to review the constitutionality of Wyoming's indecent liberties statute, Wyo. Stat. Ann. § 14–3–105 (LexisNexis 2005), which states in pertinent part:

(a) Except under circumstance[s] constituting sexual assault in the first, second or third degree as defined by W.S. 6–2–302 through 6–2–304, any person knowingly taking immodest, immoral or indecent liberties with any child or knowingly causing or encouraging any child to cause or encourage another child to commit with him any immoral or indecent act is guilty of a felony. . . .

\* \* \* \*

(c) As used in this section, "child" means a person under the age of eighteen (18) years.

Like others before him, Stokes contends the statute is unconstitutionally vague, both "facially" and "as applied" to his conduct. Stokes complicates our review of his claim by merging his facial challenge with his "as applied" challenge. Regardless, we reject his constitutional challenges.

[¶ 8] A statute is facially vague if it reaches a substantial amount of constitutionally protected conduct or if it specifies no standard of conduct at all. *Moe*, ¶ 9, 110 P.3d at 1210; *Giles*, ¶ 15, 96 P.3d at 1031. On numerous occasions this Court has considered and soundly rejected facial vagueness challenges to § 14–3–105. *See Moe*, ¶¶ 10–11, 110 P.3d at 1210–11; *Giles*, ¶¶ 15–19, 96 P.3d at 1031–33; *Schmidt v. State*, 2001 WY

---

1. The district court gave the special verdict form to the jury at the request of defense counsel and in accordance with *Giles v. State*, 2004 WY 101, ¶ 46, 96 P.3d 1027, 1043 (Wyo.2004).

73, ¶ 28, 29 P.3d 76, 85 (Wyo.2001); *Pierson,* 956 P.2d at 1123–24; *Moore v. State,* 912 P.2d 1113, 1114–16 (Wyo.1996); *Lovato v. State,* 901 P.2d 408, 412 (Wyo.1995); *Ochoa v. State,* 848 P.2d 1359, 1363 (Wyo.1993); *Griego v. State,* 761 P.2d 973, 975–76 (Wyo. 1988); *Sorenson v. State,* 604 P.2d 1031, 1034–35 (Wyo.1979). Stokes' argument offers nothing new that compels us to reconsider our prior holdings on this issue.

[¶ 9] We now turn to Stokes' contention that § 14–3–105 is unconstitutionally vague as applied to him. When a statute is challenged on an "as applied" basis, we must determine whether the statute provides sufficient notice to a person of ordinary intelligence that his conduct was illegal and whether the facts of the case demonstrate arbitrary enforcement. *Rabuck,* ¶ 16, 129 P.3d at 865 (citing *Lovato,* 901 P.2d at 412; *Griego,* 761 P.2d at 976). In determining whether a statute provides sufficient notice, we consider the statutory language, any prior court decisions that have construed the statute, and whether the statute has been previously applied to substantially identical conduct. *Rabuck,* ¶ 16, 129 P.2d at 865; *Giles,* ¶ 23, 96 P.3d at 1035; *Griego,* 761 P.2d at 976. "If the statute has been previously applied to conduct substantially identical to that of the appellant, he cannot complain notice was lacking." *Saiz v. State,* 2001 WY 76, ¶ 13, 30 P.3d 21, 26 (Wyo.2001) (footnote omitted).

[¶ 10] Stokes complains that the statute is vague in that it does not describe with particularity what acts are forbidden. As a consequence, it was only after the jury rendered its verdict that he understood his acts to be criminal conduct. This is the same argument that was presented to this Court in *Giles.* The majority of this Court found such argument to be unpersuasive:

> Giles argues that § 14–3–105 fails to describe with particularity what acts are considered criminal because it relies on undefined terms. Thus, Giles asserts that he was afforded inadequate prior notice that the acts in which he engaged constituted a violation of the indecent liberties statute.... Giles contends that it was only after the jury passed judgment in his case,

based on the undefined terms of "immoral," "immodest," and "indecent," that he could have understood that his acts constituted criminal conduct. Upon consideration, we reject Giles' argument.

*Giles,* ¶ 20, 96 P.3d at 1033–34.

[¶ 11] Stokes' contention that the statute fails to provide sufficient notice that his consensual sexual relationship with sixteen-year-old AJ was prohibited conduct under the terms of the statute is not well taken. This Court has held that the meaning of the terms "immoral," "immodest," and "indecent" is sufficiently clear. *See Rabuck,* ¶ 17, 129 P.3d at 865; *Pierson,* 956 P.2d at 1123; *Sorenson,* 604 P.2d at 1034–35. Further, consensual sex with a sixteen-year-old has previously been determined to violate the statute. *See Moe,* ¶¶ 12–13, 110 P.3d at 1211; *Pierson,* 956 P.2d at 1123–24; *Moore,* 912 P.2d at 1114–16; *McArtor v. State,* 699 P.2d 288, 292–94 (Wyo.1985). Although Stokes briefly mentions the lack of an extreme age difference as a mitigating factor, Stokes admitted that he understood that his conduct was wrong and that he should have waited until AJ was eighteen years of age. Under these specific circumstances, and in the absence of any evidence that the statute was enforced in a discriminatory manner, we have no hesitation in holding that § 14–3–105 is not vague as applied to Stokes' conduct in this case.

[¶ 12] Affirmed.

GOLDEN, J., delivers the opinion of the Court; VOIGT, C.J., files a specially concurring opinion.

VOIGT, Chief Justice, specially concurring.

[¶ 13] I concur in the result of the majority opinion out of deference to the doctrine of *stare decisis. See Rabuck v. State,* 2006 WY 25, ¶ 34, 129 P.3d 861, 869 (Wyo.2006) (VOIGT, Justice, specially concurring).