2009 WY 17

**Lorenzo S. MONTEZ, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–08–0089.

Supreme Court of Wyoming.

Feb. 12, 2009.

Representing Appellant: Michael H. Reese, Contract Appellate Counsel, of Mi-

chael Henry Reese, P.C., Cheyenne, Wyoming.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Jenny L. Craig, Assistant Attorney General. Argument by Ms. Craig.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] Appellant was convicted by a jury of one count of unlawful possession of marijuana and two counts of taking immodest, immoral, or indecent liberties with a minor. He now appeals those convictions, making multiple accusations of ineffective assistance of trial counsel. Concluding to the contrary, we affirm.

## ISSUES

[¶ 2] We will re-state and re-order the issues as follows:

1. Did trial counsel provide ineffective assistance by failing to move to dismiss the immodest, immoral, or indecent liberties with a minor charges on the ground that the statute had been repealed?

2. Did trial counsel provide ineffective assistance by failing to move to dismiss the immodest, immoral, or indecent liberties with a minor charges on the ground that the statute was unconstitutional?

3. Did trial counsel provide ineffective assistance by failing to raise a hearsay objection to certain testimony by the victims' mother?

4. Did trial counsel provide ineffective assistance by failing to move for a mistrial based upon certain testimony by the victims' mother?

5. Did trial counsel provide ineffective assistance by failing to move for a judgment of acquittal?

6. Did trial counsel provide ineffective assistance by failing to object to the district court's rejection of a proposed instruction defining the word "knowingly" as an element

of the crime of taking immodest, immoral, or indecent liberties with a minor?

7. Did trial counsel provide ineffective assistance by failing to object to portions of law enforcement officers' testimony on the ground that such was expert testimony that was inadmissible under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)?

8. Do the foregoing alleged deficiencies constitute cumulative error?

## STANDARD OF REVIEW

[¶ 3] Claims of ineffective assistance of trial counsel, brought for the first time on appeal, require this Court to conduct "a *de novo* review of the facts pertinent to the claim of ineffective assistance." *Pendleton v. State*, 2008 WY 36, ¶ 9, 180 P.3d 212, 215 (Wyo.2008) (citing *Barker v. State*, 2006 WY 104, ¶ 16, 141 P.3d 106, 113 (Wyo.2006)). In meeting his burden of proving ineffective assistance of counsel, Appellant must prove that counsel's performance was deficient and that Appellant was prejudiced by that deficient performance. *Id.* at ¶ 20, 180 P.3d at 218–19 (citing *Frias v. State*, 722 P.2d 135, 145 (Wyo.1986)). Deficient performance means "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [appellant] by the Sixth Amendment." *Id.* To show prejudice, Appellant must prove that "counsel's errors were so serious as to deprive [appellant] of a fair trial, a trial whose result is reliable." *Id.* Stated differently, prejudice means that there is "a reasonable probability that, absent the deficiency in counsel's performance, the result of the proceedings would have been different." *Id.* at ¶ 21, 180 P.3d at 219.

We examine the conduct of defense counsel in light of all the circumstances in determining whether the identified acts or omissions fall outside the ambit of professionally competent assistance, bearing in mind the function of counsel is to make the adversarial testing process work in every case. We do not evaluate the efforts of counsel from a perspective of hindsight but, rather, we endeavor to reconstruct the circumstances surrounding

counsel's challenged conduct and evaluate the professional efforts from the perspective of counsel at the time. We invoke a strong presumption that counsel rendered adequate and reasonable assistance making all decisions within the bounds of reasonable professional judgment. The burden is upon the defendant to overcome this presumption that, in light of the circumstances, the challenged action or failure of the attorney might be considered sound trial strategy.

*Bloomquist v. State*, 914 P.2d 812, 820 (Wyo. 1996) (internal quotation marks and citations omitted).

## FACTS

[¶ 4] The two minor children [the children] who were the victims in this case lived in an apartment with their mother [Mother] and her boyfriend [Boyfriend]. On March 10, 2007, Boyfriend and Appellant spent the afternoon and evening consuming alcohol and smoking marijuana. At about 8:30 p.m., Mother put the children to bed in the bottom bed of a bunk bed, with one child at each end of the bed. She dimmed the overhead light, left the door ajar, and went back into the living room, where Boyfriend and Appellant were located.

[¶ 5] Shortly after Mother entered the living room, she and Boyfriend began arguing because Mother thought he should not drink any more alcohol that evening. They ended the argument by agreeing that Mother would drive Boyfriend to his parents' house. Mother informed Appellant of this plan and told him she "would be right back." When Mother and Boyfriend left, Appellant was fully clothed.

[¶ 6] As she left the apartment, Mother left the front door open a foot or two, and left the living room lights on. As she started to drive away, she saw the living room lights turn off. Mother and Boyfriend had driven only a few blocks when Boyfriend said Mother "shouldn't leave the kids alone with [Appellant] because he's a rapist." In response, Mother turned around and drove back to the apartment.

[¶ 7] Mother and Boyfriend returned to the apartment within five to ten minutes

after they left. Upon their return, Mother had to unlock the front door, using her key in the deadbolt lock. Mother entered the apartment and noticed immediately that Appellant's shoes were on the floor in front of the couch, but Appellant was not there. Mother and Boyfriend proceeded to the children's bedroom, where they noticed the light had been turned off. Mother turned the light on and saw Appellant in bed with the children, naked from the waist down, and with an erect penis. Mother instinctively picked up a small foam-rubber bat and began beating Appellant with it. Boyfriend pulled Appellant from the bed, and began beating him with his fists while dragging him toward the living room.

[¶ 8] Mother placed a 911 call and police officers soon arrived. The officers separated Appellant and Boyfriend. Appellant, whose face was badly beaten, was taken to the hospital for treatment. There, he was found to be in possession of marijuana. Shortly thereafter, an Amended Felony Information was filed, charging Appellant with one count of unlawful possession of marijuana, and two counts of taking immodest, immoral, or indecent liberties with a minor.

## DISCUSSION

*Did trial counsel provide ineffective assistance by failing to move to dismiss the immodest, immoral, or indecent liberties with a minor charges on the ground that the statute had been repealed?*

[¶ 9] The two counts of taking immodest, immoral, or indecent liberties with a child were charged under Wyo. Stat. Ann. § 14–3–105(a) (LexisNexis 2005). That statute was repealed effective July 1, 2007. Act of July 1, 2007, ch. 159, 2007 Wyo. Laws 393. The charged crimes in this case occurred on March 10, 2007. The jury trial took place on August 29–30, 2007. Appellant was sentenced on November 19, 2007.

[¶ 10] We will deal with this issue rather perfunctorily, with two observations: first, Appellant's argument, being completely devoid of legal support, can be characterized as

little short of bizarre; and second, Wyo. Stat. Ann. § 8–1–107 (LexisNexis 2007) specifically provides that the repeal of a statute "does not affect pending actions, prosecutions or proceedings, civil or criminal." [1] Trial counsel did not provide ineffective assistance by failing to raise this baseless argument.

### Did trial counsel provide ineffective assistance by failing to move to dismiss the immodest, immoral, or indecent liberties with a minor charges on the ground that the statute was unconstitutional?

[¶ 11] This Court has repeatedly held that Wyo. Stat. Ann. § 14–3–105 is not facially unconstitutional. *Rabuck v. State,* 2006 WY 25, ¶ 15, 129 P.3d 861, 864–65 (Wyo. 2006). *See also Moe v. State,* 2005 WY 58, ¶ 10, 110 P.3d 1206, 1210 (Wyo.2005); *Giles v. State,* 2004 WY 101, ¶ 19, 96 P.3d 1027, 1033 (Wyo.2004); *Schmidt v. State,* 2001 WY 73, ¶ 28, 29 P.3d 76, 85 (Wyo.2001); *Misenheimer v. State,* 2001 WY 65, ¶ 15, 27 P.3d 273, 281 (Wyo.2001); *Pierson v. State,* 956 P.2d 1119, 1123–24 (Wyo.1998); *Moore v. State,* 912 P.2d 1113, 1116 (Wyo.1996); *Lovato v. State,* 901 P.2d 408, 412 (Wyo.1995); *Ochoa v. State,* 848 P.2d 1359, 1363 (Wyo. 1993); *Griego v. State,* 761 P.2d 973, 976 (Wyo.1988); *Britt v. State,* 752 P.2d 426, 428 (Wyo.1988); *Sorenson v. State,* 604 P.2d 1031, 1034–35 (Wyo.1979). In addition, this Court has also determined on several occasions that the statute is not unconstitutionally vague as applied to particular cases. *Sanderson v. State,* 2007 WY 127, ¶ 35, 165 P.3d 83, 93 (Wyo.2007); *Stokes v. State,* 2006 WY 134, ¶ 11, 144 P.3d 421, 424 (Wyo.2006); *Ruby v. State,* 2006 WY 133, ¶ 7, 144 P.3d 425, 430 (Wyo.2006); *Rabuck,* 2006 WY 25, ¶ 32, 129 P.3d at 869; *Giles,* 2004 WY 101, ¶ 31, 96 P.3d at 1039.

[¶ 12] While one might conclude that Appellant's argument is that the statute is vague on its face because the word "knowing-

ly" is not defined, Appellant limits himself to an "as applied" challenge. He relies upon *United States v. Santos,* — U.S. —, —, 128 S.Ct. 2020, 2024–26, 170 L.Ed.2d 912 (2008), for the proposition that the word "knowingly" is so ambiguous that the rule of lenity requires the law to be interpreted in favor of Appellant. In *Santos,* the United States Supreme Court determined that the word "proceeds" in the federal money laundering statute was ambiguous, and then applied the rule of lenity to conclude that the word meant "profits" rather than "receipts." *Santos,* — U.S. at —, 128 S.Ct. at 2025.

[¶ 13] We are unable to discern how *Santos* has any bearing on Appellant's constitutional argument. *Santos* is a statutory construction case, not a constitutional case. Appellant tries to apply *Santos* to the instant case by claiming that the word "knowingly" in Wyo. Stat. Ann. § 14–3–105 is ambiguous and should, therefore, be interpreted in his favor. His logic then leaps to the conclusion that it was error for the district court not to give an instruction defining the word "knowingly." He provides no analysis, however, of how the failure to define the word "knowingly" made the statute unconstitutionally vague as applied to his conduct. The gist of such an argument should be that the statute provides insufficient notice to a person of ordinary intelligence that his specific conduct was illegal. *Sanderson,* 2007 WY 127, ¶ 30, 165 P.3d at 92. Such analysis is totally lacking in Appellant's Brief. Furthermore, this Court has already determined that no instruction on the meaning of "knowingly" need be given in cases brought under Wyo. Stat. Ann. § 14–3–105 because the term "knowingly" as used in the statute does not have a "technical meaning under the law, which is different from its ordinary meaning." *Schmidt,* 2001 WY 73, ¶ 24, 29 P.3d at 83. Given the clear status of the law, trial counsel did not provide ineffective assistance by

---

1. Appellant's argument is summarized as follows in his Brief:

   Three immediate questions arise: (1) the first being is whether the statute claimed to have been violated remains valid after its repeal and during trial; (2) the second is that the penalty provisions of W.S. § 14–3–105 are more gener-

   ous to the defendant, i.e. a maximum of ten years versus a maximum of 15 years, so why upset the apple cart so to speak; and (3) the third is whether a merger occurred merging a violation of W.S. § 14–3–105 into a violation of W.S. § 6–2–316.

failing to raise a constitutional challenge to the statute.

### *Did trial counsel provide ineffective assistance by failing to raise a hearsay objection to certain testimony by the victims' mother?*

██ [¶ 14] This argument is based upon the fact that Appellant's trial counsel did not object to the following exchange during Mother's direct testimony:

Q. ˙ So you get in the car with [Boyfriend] to take him to his parents's [sic] house after the argument. How far did you and [Boyfriend] make it with respect to taking him to his parents's [sic] house?

A. A few blocks.

Q. Then what happened?

A. *[Boyfriend] said that I shouldn't leave the kids alone with [Appellant] because he's a rapist.*

(Emphasis added.) Appellant argues that trial counsel should have objected to the emphasized answer, on the ground that such was hearsay, and that the failure to do so constituted ineffective assistance of counsel.

██ [¶ 15] W.R.E. 801(c) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." In turn, W.R.E. 802 declares hearsay to be inadmissible, except as provided by court rules. The declarant in the instant situation was Boyfriend. Clearly, his statement to Mother was an out-of-court statement. To that extent, Appellant has met his burden of proving the first element of the hearsay definition. But Appellant has not shown that the statement was introduced to prove the truth of the matter asserted, that being that Appellant is a rapist. Instead, the full context of the testimony shows that the statement was introduced to show why Mother almost immediately returned to the apartment, instead of taking Boyfriend to his parents' house:

Q. So you get in the car with [Boyfriend] to take him to his parents's [sic] house after the argument. How far did you and [Boyfriend] make it with respect to taking him to his parents's [sic] house?

A. A few blocks.

Q. Then what happened?

A. [Boyfriend] said that I shouldn't leave the kids alone with [Appellant] because he's a rapist.

Q. What did you think when [Boyfriend] told you that [you] shouldn't leave the kids with the defendant because he's a rapist?

A. I thought, because he was intoxicated, he was just making an excuse to stay home.

Q. You thought that [Boyfriend] was making an excuse so he would go back home with you?

A. Yeah.

Q. And so thinking that he was making an excuse, what did you go ahead and do?

A. I turned around.

Q. Why?

A. They're my children.

Q. So you just did a U-turn and right back?

A. Yeah.

[¶ 16] An out-of-court statement introduced to show its effect upon the person hearing it is not hearsay. *Kenyon v. State*, 986 P.2d 849, 853 (Wyo.1999) (citing *Armstrong v. State*, 826 P.2d 1106, 1119 (Wyo.1992)). Perhaps that is why trial counsel did not object to this particular statement. Given the context of the statement, we surely cannot say that counsel's performance was deficient in that regard. Beyond that, even if we were to conclude that trial counsel should have objected to admission of the statement, we would not find ineffective assistance of counsel because Appellant was not prejudiced thereby. During his own direct testimony, Appellant stated that "I just did ten years in the state penitentiary because of rape," and his attorney asked him if he believed he had learned anything from being sent to prison for second-degree sexual assault. Furthermore, a portion of the transcript from the change-of-plea hearing in that case was read to the jury "for the limited purpose of proving knowledge, motive, intent, absence of mistake or accident, or preparation with respect to the charges at issue." Thus the jury was well aware of Appellant's prior sexual

assault conviction. Counsel did not provide ineffective assistance by failing to object to the alleged hearsay statement.

### Did trial counsel provide ineffective assistance by failing to move for a mistrial based upon certain testimony by the victims' mother?

[¶ 17] This issue is directed toward the same statement made by Boyfriend to Mother just discussed in the preceding section. Here, Appellant contends that, in addition to objecting to admission of the statement, trial counsel should have moved for a mistrial. However, "[g]ranting a mistrial is an extreme and drastic remedy that should be resorted to only in the face of an error so prejudicial that justice could not be served by proceeding with trial." *Teniente v. State*, 2007 WY 165, ¶ 27, 169 P.3d 512, 524 (Wyo.2007) (quoting *Allen v. State*, 2002 WY 48, ¶ 75, 43 P.3d 551, 575 (Wyo.2002)). Having determined that Boyfriend's statement to Mother was neither hearsay, nor unfairly prejudicial, we logically must also conclude that a motion for mistrial would not have been granted. "Counsel is not ineffective for failing to [make] a motion that would not have been granted." *Harlow v. State*, 2005 WY 12, ¶ 53, 105 P.3d 1049, 1071 (Wyo.2005) (citing *Lancaster v. State*, 2002 WY 45, ¶ 58, 43 P.3d 80, 102 (Wyo.2002)).

### Did trial counsel provide ineffective assistance by failing to move for a judgment of acquittal?

[¶ 18] The salient portion of W.R.Cr.P. 29(a) reads as follows:

The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment, information or citation after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.

It goes without saying that the test to be applied in granting or denying a motion for judgment of acquittal is sufficiency of the evidence. *See, e.g., Mattern v. State*, 2007 WY 24, ¶ 28, 151 P.3d 1116, 1129 (Wyo.2007); *Dover v. State*, 664 P.2d 536, 537 (Wyo.1983);

*Chavez v. State*, 601 P.2d 166, 168 (Wyo. 1979); *Montez v. State*, 527 P.2d 1330, 1331 (Wyo.1974). Upon review of the denial of a motion for judgment of acquittal, this Court performs the same test. *Cloman v. State*, 574 P.2d 410, 416 (Wyo.1978).

[¶ 19] We will not further pursue this issue because Appellant presents no analysis of the evidence and no cogent argument as to why this Court should reverse his conviction due to trial counsel's failure to move to acquit. In fact, Appellant admits in his Brief that, "[g]iven the evidence as presented, counsel may have not been able to prevail on a Rule 29 motion...." Once again, we can only surmise that trial counsel did not move for a judgment of acquittal because sufficient evidence clearly had been admitted upon which the jury could find guilt beyond a reasonable doubt. Appellant has failed to prove ineffective assistance of counsel for failure to file a W.R.Cr.P. 29 motion.

### Did trial counsel provide ineffective assistance by failing to object to the district court's rejection of a proposed instruction defining the word "knowingly" as an element of the crime of taking immodest, immoral, or indecent liberties with a minor?

[¶ 20] The relevant portion of Wyo. Stat. Ann. § 14–3–105, the "indecent liberties" statute under which Appellant was charged, read as follows at the time of Appellant's trial: "... any person knowingly taking immodest, immoral or indecent liberties with any child ... is guilty of a felony." Appellant submitted a proposed jury instruction defining the word "knowingly":

Knowing (knowingly) means to have or show awareness or understanding of (an action), to be well informed, and/or a deliberate; conscious (act).

The State objected to the giving of this instruction, arguing that the proposed definition, in effect, changed the offense from a general intent crime to a specific intent crime. After lengthy discussions, the district court agreed with the State and refused the instruction.

[¶ 21] Appellant phrases this issue as one of ineffective assistance of counsel for having

failed to object to the district court's refusal to give the instruction. He then asserts that plain error review is required.[2] However, because trial counsel offered and vigorously argued in favor of the instruction, we are not convinced that either plain error or ineffective assistance of counsel is the appropriate review. Rather, it seems that this should be analyzed under our well-established standard for the review of jury instructions:

> Jury instructions should inform the jurors concerning the applicable law so that they can apply that law to their findings with respect to the material facts, instructions should be written with the particular facts and legal theories of each case in mind and often differ from case to case since any one of several instructional options may be legally correct, a failure to give an instruction on an essential element of a criminal offense is fundamental error, as is a confusing or misleading instruction, and the test of whether a jury has been properly instructed on the necessary elements of a crime is whether the instructions leave no doubt as to the circumstances under which the crime can be found to have been committed.

*Janpol v. State*, 2008 WY 21, ¶ 7, 178 P.3d 396, 400 (Wyo.2008) (quoting *Mueller v. State*, 2001 WY 134, ¶ 9, 36 P.3d 1151, 1155 (Wyo.2001)).

[¶ 22] We find no error. Both the elements instructions and the verdict form required the jury to find Appellant's acts to have been done "knowingly." And while the district court did not define the word "knowingly," this Court has long held that, in the context of Wyo. Stat. Ann. § 14–3–105, the word "has no technical meaning under the law, which is different from its ordinary meaning, and the trial court [is] not required to define it." *Schmidt*, 2001 WY 73, ¶ 24, 29 P.3d at 83; *see also Butz v. State*, 2007 WY 152, ¶¶ 20–21, 167 P.3d 650, 655 (Wyo.2007).

*Did trial counsel provide ineffective assistance by failing to object to portions of law enforcement officers' testimony on the ground that such was expert testimony that was inadmissible under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)?*

[¶ 23] Appellant contends that trial counsel provided ineffective assistance by failing to object to portions of the direct testimony of two law enforcement officers. First, he argues that trial counsel should have objected to the following colloquy:

> Q. And as an officer, do you have training and education and even some personal experience with respect to identifying controlled substances?
>
> A. I do.
>
> Q. Based upon that training and experience, what was your initial belief as to the contents of the bag?
>
> A. I believed it to be marijuana.

[¶ 24] Appellant contends that this was, in effect, an expert opinion, and it should have been tested under the criteria of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The State argues in response that this was no more than a lay opinion and was not, therefore, subject to scrutiny as expert testimony. We find this debate meaningless in light of the fact that the parties stipulated that the substance was, indeed, marijuana. Appellant could not possibly have been prejudiced by the officer's belief.[3]

[¶ 25] Appellant next contends that trial counsel should have objected to the following questions and answers during the direct examination of another officer:

> Q. As a police officer, I assume you have received training with respect to the detection of an individual who is under, say,

2. Where there has been no objection below, we review for plain error, which requires an appellant to prove (1) the record clearly reflects the alleged error; (2) there was a violation of a clear and unequivocal rule of law; and (3) the violation adversely affected a substantial right resulting in material prejudice. *Pendleton v. State*,

2008 WY 36, ¶ 8, 180 P.3d 212, 215 (Wyo.2008) (citing *Cazier v. State*, 2006 WY 153, ¶ 10, 148 P.3d 23, 28 (Wyo.2006)).

3. See W.R.Cr.P. 52(a) and W.R.A.P. 9.04 regarding harmless error.

under the influence of alcohol or other controlled substances?

A. Yes.

Q. And based upon your training, experience, and education as a police officer, at the time that you met the defendant on [sic] 21 hours later after the events had occurred, what was your opinion as to the defendant's being under the present influence of drug or alcohol?

A. He did not appear to be under the influence of alcohol.

[¶ 26] Appellant's contention that trial counsel provided ineffective assistance by failing to object to this exchange on the ground that it was untested expert opinion evidence is not well founded, for several reasons. First, the passage describes an interview that occurred twenty-one hours after the alleged incident, so there is little materiality in regard to the question of Appellant's state of intoxication at the time of the alleged incident. Second, self-induced intoxication is not a defense to the charge of taking immodest, immoral, or indecent liberties with a minor, as the jury was correctly instructed, so the opinion was not relevant. Wyo. Stat. Ann. § 6–1–202(a) (LexisNexis 2007); *Britt*, 752 P.2d at 430. And third, this Court has recognized that the question of whether a person is intoxicated "is open to the observation of all persons without the necessity of peculiar scientific knowledge." *Wilks v. State*, 2002 WY 100, ¶ 23, 49 P.3d 975, 985 (Wyo.2002). Thus, the officer's opinion was a lay opinion, not subject to *Daubert*-type analysis.[4]

### Do the foregoing alleged deficiencies constitute cumulative error?

[¶ 27] Not having found ineffective assistance of counsel, or other error, we cannot find cumulative error.

### CONCLUSION

[¶ 28] Appellant has failed to prove either deficient performance by trial counsel or re-

sultant prejudice, and has, therefore, failed to prove ineffective assistance of counsel.

[¶ 29] We affirm.

---

4. Appellant makes some additional somewhat amorphous complaints about this officer's testimony, both in regard to expert opinion and hearsay, but such are not sufficiently developed to require analysis, especially inasmuch as Appellant makes no presentation or even suggestion of prejudice resulting therefrom.