FILED
United States Court of Appeals
Tenth Circuit

July 27, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LORENZO S. MONTEZ,

       Petitioner–Appellant,

v.

STATE OF WYOMING,

       Respondent–Appellee.

No. 11-8022
(D.C. No. 2:10-CV-00017-ABJ)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **GORSUCH**, and **EBEL**, Circuit Judges.

       Lorenzo S. Montez, a state prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal the district court's summary judgment order disposing

of his 28 U.S.C. § 2254 habeas petition.  We deny Montez's application for COA.

**I**

       On the night of March 10, 2007, Montez's friend discovered Montez, naked from

the waist down and sexually aroused, in bed with the friend's children.[1]  She called 911.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

Continued . . .

After the mother and her boyfriend administered some rough justice, police officers arrived and arrested the bruised and bloodied Montez. He was charged in Wyoming state court with one count of marijuana possession and two counts of taking immodest, immoral, or indecent liberties with a minor. A jury convicted him on all three counts.

Asserting eight claims of ineffective assistance of trial counsel, Montez appealed to the Wyoming Supreme Court, which affirmed his conviction. See Montez, 201 P.3d at 436. He then filed a timely, untitled petition for "post conviction relief" in the United States District Court for the District of Wyoming, a petition which the district court construed as a § 2254 habeas application. The government moved for summary judgment, and the district court granted the motion. Montez now seeks to appeal.

**II**

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA. 28 U.S.C. § 2253(c)(1)(A). To obtain a COA, Montez must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2254] petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

"a determination of a factual issue made by a State court shall be presumed to be correct" unless a habeas petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Montez does not disagree with the Wyoming state courts' version of the facts of this case; we therefore recite the facts as described in Montez v. State, 201 P.3d 434, 437-42 (Wyo. 2009).

All of the arguments for federal habeas relief Montez presents in his § 2254 petition were decided on the merits in state court.[2] Accordingly, for Montez's petition to succeed, he must establish that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1)-(2); see Turrentine v. Mullin, 390 F.3d 1181, 1188 (10th Cir. 2004). Any "determination of a factual issue made by [the] State court shall be presumed to be correct," and Montez has "the burden of rebutting the presumption of correctness by clear and convincing evidence." § 2254(e)(1). Liberally construing Montez's pro se application for COA, as we must, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we discern nine claims.

**III**

Montez filed an untitled pleading in Wyoming federal district court on January 25, 2010. Without elaboration, the district court construed it as a § 2254 habeas petition. In response to the government's motion for summary judgment, Montez asserted that the January 25 motion was not actually a habeas petition, and sought leave to "prepare and file a proper Writ of Habeas Corpus." The district court denied Montez's request, construing it as a motion to amend his habeas petition under Fed. R. Civ. P. 15. As a

---

[2] Montez's first claim, addressed in Section III, infra, advances a procedural argument relating to the district court's handling of his case, not a federal habeas claim, so the AEDPA standard of review does not apply.

threshold matter on appeal, Montez asserts that this was error, and asks us to remand his case to the district court to allow him "to investigate and develop his claims."

We review the denial of a motion to amend a habeas petition for abuse of discretion. See United States v. Espinoza-Saenz, 235 F.3d 501, 503 (10th Cir. 2000). Although Rule 15 provides that leave to amend should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), we conclude that the district court did not abuse its discretion. Montez's January 25, 2010, filing does not specifically request habeas relief. But it asserts ineffective assistance of trial counsel, and argues that "a post conviction should be granted." Montez's so-called motion to amend filed February 18, 2011— nearly ten months late under the district court's local rules—does not assert any new claims. And in the meantime, Montez had filed another motion specifically calling the January 25, 2010, filing a "letter on ineffective assistance" and discussing "post conviction relief." The district court's ruling was proper.

## IV

The remainder of Montez's petition asserts a plethora of reasons his trial counsel was constitutionally ineffective. "Claims of ineffective assistance of counsel raise mixed questions of law and fact" and are reviewed de novo, granting deference to underlying findings of fact. Miller v. Champion, 262 F.3d 1066, 1071 (10th Cir. 2001). To prevail on his ineffective assistance claims, Montez bears the burden of proving that: (1) his counsel failed to provide reasonably effective assistance because particular acts or

omissions of counsel fell outside the "wide range" of reasonably competent assistance demanded of attorneys practicing criminal law; and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 689-92 (1984).

**A**

After Montez was charged with violating Wyo. Stat. § 14-3-105 (2006) (repealed 2007), but before he was convicted, the statute was repealed in favor of a new statutory scheme. Montez does not argue that his conduct would have been permissible under the new Wyoming laws. In fact, he admits that the new laws impose a higher maximum sentence. Instead, Montez argues that § 14-3-105 "was not functioning . . . at the time of trial," that his conviction was therefore per se invalid, and his trial counsel was ineffective for failing to advance that argument. His contention is foreclosed by state law: "[i]f a statute is repealed or amended, the repeal or amendment does not affect pending actions, prosecutions or proceedings, civil or criminal." Wyo. Stat. § 8-1-107.

**B**

Montez also thinks his trial counsel should have attacked the constitutionality of § 14-3-105. Interpreting his § 2254 petition liberally, he appears to claim the statute is void for vagueness. Yet he also recognizes that "the Wyoming Supreme Court has a long line of cases stating that . . . § 14-3-105 is not constitutionally vague 'on its face.'" Montez therefore argues that his counsel should have challenged the statute as unconstitutional as applied to his case. Focusing on the statute's use of the word

"knowingly," he asserts that the word is ambiguous, and therefore counsel should have invoked the rule of lenity described in United States v. Santos, 553 U.S. 507, 514 (2008). However, he scuttles his own argument by pointing to a Wyoming Supreme Court decision directly holding that "knowingly," as used in § 14-3-105, "has no technical meaning under the law . . . different from its ordinary meaning." Schmidt v. State, 29 P.3d 76, 83 (Wyo. 2001).

## C

Next, Montez asserts that his trial counsel should have objected to certain testimony from the victims' mother. To elicit information about the night of the crime, the government asked the mother the following questions:

> Q. So you get in the car with [Boyfriend] to take him to his parents's [sic] house after the argument. How far did you and [Boyfriend] make it with respect to taking him to his parents's [sic] house?
>
> A. A few blocks.
>
> Q. Then what happened?
>
> A. [Boyfriend] said that I shouldn't leave the kids alone with Montez because he's a rapist.

According to Montez, the statement that he is "a rapist" was "prejudicial testimony designed to inflame the jury," and also constituted hearsay. Montez appears to be arguing that his counsel should have objected to the statement under Wyo. R. Evid. 403, which governs unfair prejudice, and Wyo. R. Evid. 801, governing hearsay.

As the Wyoming Supreme Court correctly concluded, the statement was not

- 6 -

hearsay.  It was introduced to show its effect upon the person who heard it, not for the truth of the matter asserted.  And although neither the Wyoming Supreme Court nor the district court addressed Montez's Wyo. R. Evid. 403 argument, to prevail on his ineffective assistance claim he must prove that his counsel's failure to object prejudiced his defense.  See Strickland, 466 U.S. at 689-92.  Montez's bald assertions that he "did suffer prejudice" are not enough to entitle him to habeas relief, particularly in light of his own trial testimony that "I just did ten years in the state penitentiary because of rape."

Montez also argues that his trial counsel should have moved for a mistrial based on the same testimony, a contention that fails for the same reasons.

**D**

Montez was convicted under a Wyoming statute which prohibited, in relevant part, "knowingly taking immodest, immoral or indecent liberties with any child."  Wyo. Stat. § 14-3-105 (2006) (repealed 2007).  His trial counsel submitted the following proposed jury instruction defining "knowingly":  "Knowing (knowingly) means to have or show awareness or understanding of (an action), to be well informed, and/or a deliberate; conscious (act)."  After the state objected that such an instruction would turn § 14-3-105 into a specific intent crime, the trial court refused the instruction and Montez's counsel did not object.

Montez now claims that his counsel's failure to object constituted ineffective assistance.  He asserts that "knowingly" is an element of the crime for which he was

- 7 -

convicted, and that without an instruction defining "knowingly," his jury instructions were incomplete. But the Wyoming Supreme Court has specifically considered and rejected this argument. See Schmidt, 29 P.3d at 83.

**E**

Next, Montez claims his counsel was constitutionally ineffective for failing to move for acquittal under Wyo. R. Crim. P. 29 at the close of the government's evidence. Montez might be right that "[i]t is customary for defense counsel to make a Rule 29 Motion." But he also correctly cites Harlow v. State, 105 P.3d 1049, 1071 (Wyo. 2005), for the proposition that "[c]ounsel is not ineffective for failing to file a motion that would not have been granted." Although Montez now wishes his counsel had made a Rule 29 motion, he does not carry his burden of establishing that such a motion had a reasonable probability of being granted. In fact, he admits that "[g]iven the evidence as presented, counsel may have not been able to prevail on a Rule 29 motion."

**F**

Montez's penultimate assertion of ineffective assistance relates to the testimony of two police officers involved in his arrest. Officer Michael Morrow testified that his training and experience enabled him to identify Montez's marijuana. Officer Justin Johnson similarly provided his "opinion as to [Montez] being under the present influence of drug or alcohol" on the night he was arrested. According to Montez, this was expert testimony, and his counsel should have sought to have the officers qualified as experts

and requested a <u>Daubert</u> hearing to test the reliability of their testimony. Montez does not explain how either officer's testimony prejudiced him, and consequently fails to show that his counsel was ineffective for failing to object.

**G**

Finally, Montez argues the foregoing deficiencies by his trial counsel constituted "cumulative error." However, he admits that "[a] claim of cumulative error cannot be recognized when there is no underlying error to support it." Because none of Montez's individual claims of ineffective assistance are successful, taken together they cannot constitute cumulative error.

**V**

No reasonable jurist could dispute that the district court acted properly in granting summary judgment. Accordingly, Montez's application for COA is **DENIED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge